**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

**Case No. _______**

**PLAINTIFF FTC'S MOTION FOR LEAVE TO TEMPORARILY SEAL PORTIONS OF THE COMPLAINT**

NOTE ON MOTION CALENDAR:
September 14, 2026

Plaintiff Federal Trade Commission ("FTC")[1] respectfully moves, pursuant to Local Civil Rule 5(g), 15 U.S.C. § 57b-2, and 16 C.F.R. § 4.10(g), to temporarily seal portions of the Complaint filed in this action for fourteen days. Dkt # 3. The FTC only seeks to seal portions of the Complaint temporarily because it must pursuant to 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.10(g). Each requires the FTC to afford Defendant Amazon.com, Inc. ("Amazon") and third

[1] The FTC is an agency of the United States Government which enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.



Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2815

parties (collectively, "producing parties") the opportunity to seek an appropriate protective order on certain information contained in the Complaint that was obtained from the producing parties during the FTC's non-public investigation and which the producing parties designated as confidential. Material designated as "confidential" by the producing parties is set forth in a sealed Complaint filed in this action with the redacted information highlighted, Dkt # 3 ("Sealed Complaint").

Accordingly, Plaintiff FTC files this Motion to provide an opportunity for the producing parties whose material is at issue to seek appropriate relief from the Court if warranted, and has filed a redacted version of the Complaint on the public docket, Dkt. # 1 ("Public Complaint"). While there is a significant interest in public access to court records in a consumer protection lawsuit brought by the FTC and state Attorneys Generals to protect the public from deceptive and unfair practices, a short temporary seal of fourteen days will afford the producing parties an opportunity to request that the Court seal designated portions of the Complaint on a permanent basis.

To expedite the process of making court records public, the FTC requests that the Court's temporary seal order automatically unseal any portions of the Sealed Complaint that a producing party has not sought to seal on a permanent basis within fourteen days of the Court's order.[2] The

---

[2] The FTC will provide the producing parties with notice that their confidential material is being filed under seal and a copy of any order the Court enters with respect to this Motion. The FTC has previously met and conferred with defendant Amazon concerning material produced by Amazon that is set forth in the Sealed Complaint and Amazon identified a subset of that material that it will move to permanently seal, which is redacted.

FTC has consulted with all other Plaintiffs (the "State Plaintiffs" and collectively with FTC, "Plaintiffs"), none of whom object to the procedure that the FTC has proposed.

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As such, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id*. at 1178 (internal quotation marks and citations omitted); *see also* Local Rules W.D. Wash. LCR 5(g) ("There is a strong presumption of public access to the court's files."). The party seeking to seal a judicial record bears the burden of showing that it has "compelling reasons supported by specific factual findings" to keep the documents secret and that those compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at *1179*.

Under Local Rule 5(g)(3)(B), a party seeking to seal documents must provide:

> "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient."

**ARGUMENT**

The FTC respectfully requests that the Court temporarily seal portions of the Complaint for fourteen days to allow any affected producing party an opportunity to file a permanent



Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2815

sealing motion. During the FTC's pre-complaint investigation in this matter, Amazon and others produced documents or provided information or testimony to the FTC pursuant to Civil Investigative Demands ("CIDs") issued by the Commission.[3] Those producing parties designated that material as "confidential" pursuant to federal statute and FTC rules. *See* 15 U.S.C. § 57b-2; 16 C.F.R. § 4.10(g). Under Section 21(b)(3)(C) of the FTC Act, 15 U.S.C. § 57b-2(b)(3)(C), the FTC may not disclose these materials without the submitters' consent. While the FTC may use the documents "in judicial proceedings to which the Commission is a party," 15 U.S.C. § 57b-2(d)(C), in such circumstances, the producing party must "be afforded an opportunity to seek an appropriate protective or *in camera* order." Commission Rule 4.10(g), 16 C.F.R. § 4.10(g).

Portions of the Sealed Complaint disclose or reflect material that Amazon and third parties produced in response to the Commission's CIDs that were designated by the producing parties as confidential. The FTC has highlighted those portions of the Sealed Complaint, and the FTC requests that the Court maintain those portions of the Sealed Complaint under seal for fourteen days after the filing of that Complaint to allow those producing parties an opportunity to seek permanent relief from the Court.

Plaintiffs have also filed a Public Complaint, Dkt # 1, which redacts information in the Complaint from: (i) material that Amazon produced in response to the FTC's CID designated as

[3] CIDs are a type of investigative administrative subpoena. *See, e.g., FTC v. Invention Submission Corp*., 965 F.2d 1086, 1087 (D.C. Cir. 1992); *General Fin. Corp. v. FTC*, 700 F.2d 366, 367-68 (7th Cir. 1983). The Commission may seek to enforce CIDs by a petition and order to show cause. *See, e.g*., Order to Show Cause, *FTC v. Reckitt Benckiser Pharms., Inc*., No. 3:14-MC-00005 (E.D. Va. Aug. 26, 2014), ECF No. 6; *see also United States v. Am. Target Advert., Inc*., 257 F.3d 348, 355 (4th Cir. 2001); *United States v. Markwood*, 48 F.3d 969, 981–82 (6th Cir. 1995); *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *FTC v. MacArthur*, 532 F.2d 1135, 1141–42 (7th Cir. 1976); *Genuine Parts Co. v. FTC*, 445 F.2d 1382, 1388 (5th Cir. 1971).



Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2815

"confidential," and which Amazon has since notified the FTC should be kept under seal;[4] and (ii) material designated as confidential by producing third parties who have not yet been notified about this lawsuit. *See Fairhaven Health, LLC v. Bioorigyn, LLC*, No. 2:19-CV-01860-RAJ, 2021 WL 4307071, at *2 (W.D. Wash. Sept. 22, 2021) ("The Court strongly prefers redacting documents to filing them completely under seal."). There is no other less restrictive alternative available to the FTC under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.10 than redacting this material temporarily so that the producing parties may make a motion for a permanent seal if warranted.

Ordinarily, LCR 5(g)(1)(A) and 5(g)(3)(A) impose meet-and-confer and related certification requirements.[5] The FTC respectfully requests that the Court waive those requirements in this instance for the producing parties who were not previously notified about the filing of this lawsuit due to its non-public nature. The FTC met and conferred with Amazon concerning most of the material set forth in the Sealed Complaint prior to its filing,[6] and Amazon

---

[4] In addition to designating its own business records as "confidential," Amazon identified to the FTC a limited amount of material contained in Paragraphs 1, 4, 6, 11, 44, 50, 56, 60-63, 65-66, 68-69, 75-78, 101, 132, 164-65, 174-76, 180-85, 192-99, 202, 204-206, 209-23, 216-18, 223, 226, 228, 232, 237-40, 242, 245, 250, 252-58, 261-62, and 265, that it produced and designated as confidential that may contain sensitive information pertaining to non-producing third-parties. The FTC will provide these non-producing third-parties with notice of this information and a copy of any order the Court enters with respect to this Motion.

[5] Local Rule 5(g)(1)(A) and 5(g)(3)(A) impose meet-and-confer and related certification requirements not applicable here because they only apply to documents designated confidential "during discovery." Here, the sealed portions of the Complaint rely on materials that Amazon and other producing parties marked confidential, pursuant to Commission rules, in response to the FTC's CIDs issued during a non-public investigation. Nonetheless, to the extent the Court finds Local Rule 5(g)(1)(A) and 5(g)(3)(A) did require the FTC to confer and certify prior to filing this motion, the FTC respectfully requests the Court waive those requirements because the FTC could not have met and conferred with third parties without revealing its then non-public lawsuit.

[6] On August 11, 2026, pursuant to 16 C.F.R. § 4.10(g), the FTC provided Amazon with notice of the potential filing of a Complaint and inquired whether Amazon would be asserting that certain material produced by Amazon should be redacted and filed under temporary seal to allow Amazon to seek an appropriate protective order. The parties met and conferred by video conference on August 27, 2026, and Amazon stated that it would be seeking to permanently seal a certain subset of the material in the Sealed Complaint that was based on what it had produced pursuant to the

identified a subset of that material it will seek to permanently seal, which is highlighted in the Sealed Complaint and redacted in the Public Complaint.

The Sealed Complaint also includes a limited amount of information based on CID responses submitted by three third parties and designated as confidential. The FTC could not have met and conferred with these third parties about redactions or sealing without revealing its then non-public lawsuit. Redactions in the Public Complaint based on these CID responses are contained in Paragraphs 237-39, 240, and 242 in the Sealed Complaint.

Now that the Complaint has been publicly filed, the FTC proposes to meet and confer with any party that intends to move to seal portions of the Complaint on a permanent basis before any such motions are filed. *See, e.g., Garcia v. Duarte Reynosa*, No. C19-01928-RAJ, 2020 WL 363404, at *3 (W.D. Wash. Jan. 22, 2020) (maintaining temporary seal for documents filed with *ex parte* temporary restraining order while parties met and conferred); *Harvey v. Means*, No. 2:23-CV-1712, 2023 WL 8019440, at *3 (W.D. Wash. Nov. 20, 2023) (placing exhibits requested to be sealed under provisional seal until ruling on merits).

**<u>CONCLUSION</u>**

Pursuant to 16 C.F.R. § 4.10, the Court should enter the Proposed Order and temporarily seal portions of the Complaint in this action for fourteen days.

**<u>LOCAL RULE 7(e) CERTIFICATION</u>**

I certify that this memorandum contains 1861 words, in compliance with the Local Civil Rules.

---

FTC's CID. The FTC also provided Amazon on August 27, 2026, notice of a limited set of eleven documents that Amazon produced and designated as confidential that are referenced in recent additions to the Sealed Complaint.



Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2815

Dated: August 31, 2026

/s/ Jonathan W. Platt
Jonathan W. Platt (NY Bar #3946522)
Darren Lubetzky (NY Bar #4932976)
Adam K. Hersh (NY Bar #5693064)
Vikram Jagadish (NY Bar #5516588)
Jason Kornmehl (NY Bar #5348818)
Ishan Shivakumar (NY Bar #5901855)

Federal Trade Commission, Northeast Region
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829

(212) 607-2819 (Platt); -2808 (Lubetzky);
-2823 (Hersh); -2834 (Jagadish);
-2803 (Kornmehl); -2815 (Shivakumar)
jplatt@ftc.gov; dlubetzky@ftc.gov;
ahersh@ftc.gov; vjagadish@ftc.gov;
jkornmehl@ftc.gov; ishivakumar@ftc.gov

*Attorneys for Plaintiff*
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I, Jonathan W. Platt, certify that on August 31, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system. Additionally, today I will effectuate service of the same by mail on counsel for the Defendant, Natalie J. Hausknecht of Gibson, Dunn & Crutcher, LLP, at 1900 Lawrence Street Suite 3000, Denver, CO 80202-2211. *See* Fed. R. Civ. P. 5(b)(1), (b)(2)(c). I will also provide a courtesy copy of this motion to counsel for the Defendant by email today.

/s/ Jonathan W. Platt
Jonathan W. Platt (NY Bar #3946522)
Federal Trade Commission, Northeast Region
One Bowling Green, Suite 319
New York, NY 10004
(212) 607-2829
Telephone: (212) 607-2819
Email: jplatt@ftc.gov

*Attorney for Plaintiff*
Federal Trade Commission