The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ALASKA, STATE OF ARIZONA, PEOPLE OF THE STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF FLORIDA, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, CONSUMER PROTECTION DIVISION, OFFICE OF THE MARYLAND ATTORNEY GENERAL, STATE OF NEBRASKA, STATE OF NEW JERSEY, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF SOUTH CAROLINA, STATE OF VERMONT, and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | No. 2:26-cv-03097<br><br>AMAZON'S NOTICE OF COMPLEX CASE PURSUANT TO LCR 102(a) AND NOTICE OF UNRELATED MATTERS |

Defendant Amazon.com, Inc. ("Amazon") respectfully submits this Notice under LCR 102(a) to advise the Court that this newly filed action by Plaintiffs the Federal Trade Commission ("FTC") and twenty-two States is complex litigation within the meaning of that rule, and it respectfully requests that this case be identified and managed as such. LCR 102(a) defines "complex litigation" to include cases "which present unusual problems and which require



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

extraordinary treatment," and states the policy of this Court "to identify complex, multiple and multidistrict litigation as expeditiously as possible." LCR 102(a). This action readily meets that bar: it presents a novel challenge to how Amazon describes the automated technology used to run and price billions of multi-slot auctions in which thousands of advertisers participate every day to serve sponsored advertisements in its stores or services, and its adjudication will require extensive fact and expert discovery into industry-wide auction design, reserve pricing, and digital advertising practices. The resources required to administer this proceeding will necessarily bear on the Court's management of its docket. *Cf. id.* ("Each multijudge court should determine for itself how assignment of complex litigation should be made: according to the court's regular case assignment plan, under a special rotation for complex cases, or to judges particularly qualified by reason of prior experience.").

Amazon further submits this Notice because it is aware that this Court presides over other substantial matters involving Amazon and to the extent the Court clerk believed this case to be related, it seemed prudent to make clear that those matters are distinct from the present action. LCR 3(g)(1) requires a plaintiff to identify related cases in the Civil Cover Sheet and to file a Notice of Related Cases with its first appearance. Plaintiffs—the FTC and 22 States—properly identified no related case in their filings. Under LCR 3(g)(4), cases are related only where they present questions of law or fact so common that assignment to different judges would entail duplication of labor or expense, or create a risk of conflicting results. Neither condition is present here.

This case presents different questions of law and fact from other civil cases against Amazon in this and other federal districts. *See* LCR 3(g)(4) (outlining the standard for identifying related cases). In particular, the present action challenges different conduct, rests on different legal theories, and will focus on different evidence than prior cases filed against Amazon, including the antitrust actions pending in this District (collectively, the "Antitrust



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Cases").[1] The Antitrust Cases involve antitrust claims primarily under the Sherman Act regarding Amazon's retail and third-party marketplace businesses, including Amazon's retail pricing practices and the terms by which third-party sellers may obtain Prime eligibility and fulfillment services. This action is fundamentally different; it arises from what Amazon told advertisers about the mechanics of the auction through which it sells sponsored ads—that is, placements that advertisers purchase to promote their products in Amazon's search results and other shopping pages. The Antitrust Cases are at advanced stages in the litigation with trials set to start in 2027.[2] As a result, there is no risk of duplication of labor or conflicting results, and substantial benefit to be gained by designating and managing this case as complex litigation and allocating these matters across the Court's docket to distribute workload and facilitate expeditious proceedings.

DATED this 4th day of September, 2026.

DAVIS WRIGHT TREMAINE LLP

By s/ *John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Theo A. Lesczynski, WSBA #59780
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: johngoldmark@dwt.com
Email: maryannalmeida@dwt.com
Email: theolesczynski@dwt.com

[1] See *Federal Trade Commission v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.); *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.); *De Coster v. Amazon.com*, Inc., No. 2:21-cv-00693 (W.D. Wash.); *Brown v. Amazon.com, Inc.*, No. 22-cv-00965 (W.D. Wash.)

[2] Amazon also notes that this Court presides over six class action lawsuits against Amazon that are unrelated to this matter or the Antitrust Cases. *See Anita Medal et al. v. Amazon.com Services LLC*, Case No. 2:23-cv-01975-JHC (W.D. Wash.); *Julia Heck v. Amazon.com, Inc. et al.*, Case No. 2:23-cv-01219 (W.D. Wash.); *Ashley Cook v. Amazon Services.com LLC*, Case No. 2:25-cv-00050 (W.D. Wash.); *Grace Sherk et al. v. Audible Inc.*, Case No. 2:25-cv-01137 (W.D. Wash.); *Austin Roth v. Woot.com LLC, as a wholly owned subsidiary of Amazon.com Services LLC*, Case No. 2:26-cv-01460 (W.D. Wash.); and *Zachary Kahn v. Audible Inc.*, Case No. 2:26-cv-03073-JHC (W.D. Wash.).

DUNN ISAACSON RHEE LLP

By s/ *Jeannie S. Rhee*
Karen L. Dunn*
Jeannie S. Rhee *
L. Rush Atkinson**
401 9th Street, NW
Washington, DC 20004
Tel: (202) 240-2900
Email: kdunn@dirllp.com
Email: jrhee@dirllp.com
Email: ratkinson@dirllp.com

Hannah Klain*
11 Park Place
New York, NY 10007
Tel: (202) 240-2900
Email: hklain@dirllp.com

GIBSON, DUNN & CRUTCHER LLP

By s/ *Natalie J. Hausknecht*
Natalie J. Hausknecht *
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Tel: 303-298-5783
Email: nhausknecht@gibsondunn.com

Gustav W. Eyler*
1700 M Street, N.W.
Washington, DC 20036
Tel: 202-955-8610
Email: geyler@gibsondunn.com

William Savitt*
200 Park Avenue
New York, NY 10166-0193
Tel: 212-351-2355
Email: wsavitt@gibsondunn.com

**admitted pro hac vice*
***pro hac vice application forthcoming*

*Attorneys for Defendant Amazon.com, Inc.*