The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br>Plaintiffs,<br>v.<br>AMAZON.COM, INC., a corporation,<br>Defendant. | No. 2:26-cv-03097-JHC<br>**DEFENDANT AMAZON.COM, INC.'s MOTION TO SEAL COMMERCIALLY SENSITIVE INFORMATION**<br>NOTE ON MOTION CALENDAR: October 19, 2026 |

## I. INTRODUCTION

The Complaint filed by the Federal Trade Commission ("FTC") and State Plaintiffs (Dkt. 1) references confidential documents and data that Amazon.com, Inc. ("Amazon") produced to the FTC. This confidential information sits squarely within the Ninth Circuit's "compelling reasons" standard for sealing.

Amazon's sealing request is narrow and tailored to protecting only commercially sensitive information. Specifically, Amazon asks this Court to seal solely (1) its commercially sensitive data, including confidential numerical parameters and certain granular technical specifications relevant to Amazon's internal auction systems, as well as nonpublic financial data; and (2) nonparty advertisers' confidential information concerning the performance and strategy of their advertising. All told, that information amounts to a handful of paragraphs and some scattered words, phrases, and graphics—all of which is nonpublic, confidential information that



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs only have because Amazon produced it to the FTC as part of an investigation that preceded Plaintiffs' Complaint.[1] *See* Exhibit A (version of the Complaint containing Amazon's requested redactions).

The vast majority of the 566-paragraph Complaint will remain unredacted, including all public and advertiser-facing materials. Amazon also does not seek to seal the substance of Plaintiffs' allegations. The Complaint's characterizations of Amazon's conduct, allegations regarding how Amazon's ad auctions operate and the alleged results of its auction system, quotations attributed to Amazon personnel, and the advertiser-facing communications cited will all be public. The proposed redactions are instead confined to specific numerical parameters and design specifications for Amazon's auction systems, Amazon's nonpublic financial data, and the confidential information of nonparty advertisers. The narrow redactions cover solely information that Amazon's competitors could use to cause Amazon competitive harm. *See* Exhibit B (identifying and describing specific redactions). Amazon has conferred with the FTC regarding the redactions Amazon seeks to maintain, including most recently on September 24, 2026, and is informed that the FTC does not consent to Amazon's proposed redactions except those at Paragraphs 4, 44, 101, and the redaction of an advertiser name and brand names at Paragraphs 253–258.

This Court has previously recognized that Amazon's nonpublic and commercially sensitive information meets the standard for sealing in this District. *See Federal Trade Commission v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, Dkt. 79 (W.D. Wash. Oct. 10, 2023) (granting Amazon's motion to seal portions of FTC's complaint in a separate action); *Federal Trade Commission v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC, Dkt. 108 (W.D. Wash. Oct. 30, 2023) (same). It should do so again here. Indeed, Amazon's request here is as narrow as the

[1] Amazon asks this Court to seal only a subset of the information that was redacted in the public version of the Complaint that Plaintiffs filed on August 31, 2026. In an effort to make its sealing request as narrow as possible, Amazon has withdrawn its request to seal certain information, including some information in the following paragraphs: ¶¶ 50, 63, 65, 164, 165, 174, 180, 181, 182, 183, 184, 185, 192, 194, 210, 211, 213, 223, 228, 232, 250, 253, 255, 258, and 265. *See* Exhibit A.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

requests this Court has previously granted in other cases because it extends only to discrete values, figures, and design details—not to any allegation, characterization, or description of Amazon's alleged conduct. Because precedent from both the Ninth Circuit and this District clearly establishes that the relevant categories of commercially sensitive data meet the "compelling reasons" standard, this Court should grant the motion. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008); *J.R. Simplot Co. v. Wash. Potato Co.*, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016).

## II. BACKGROUND

Plaintiffs filed this Complaint on August 31, 2026. Dkt. 1. That same day, Plaintiffs filed a motion to temporarily seal portions of the Complaint. Dkt. 2. The Complaint relies on and extensively cites, references, and quotes nonpublic documents and data that the FTC obtained from Amazon through a pre-filing investigation that involved the production of more than 1.5 million pages of Amazon records and terabytes of data. Amazon produced those materials subject to the confidentiality protections governing FTC investigations, see 16 C.F.R. § 4.10, and designated them confidential at the time of production. Before filing, Amazon requested a meeting with FTC staff in which Amazon explained that it would not seek to redact numerous items—including the Complaint's headline monetary allegations, characterizations of and quotations from internal communications, alleged descriptions of Amazon's auction systems, and any information the FTC identified as publicly sourced. Amazon's counsel met and conferred with the FTC twice after the filing of this Complaint to discuss Amazon's requested redactions (which are now even more narrow), first on September 11, 2026, and again on September 24, 2026.[2]

The redactions that Amazon now asks to maintain are narrow and necessary. In particular, the Complaint references several kinds of confidential information proprietary to

[2] The FTC represented during those meet and confers and in email discussions regarding the sealing motion that it would not oppose Amazon's redactions to paragraphs 4, 44, and 101, and that it would not oppose Amazon's redactions to specifically the brand and advertiser names in paragraphs 253–258.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon and certain of its nonparty advertisers, including: detailed numerical parameters and granular technical specifications of Amazon's auctions systems; nonpublic financial and performance data related to specific Amazon advertising services; and the confidential performance data of nonparty advertisers. *See* Decl. of Anirban Sengupta ("Sengupta Decl.") ¶¶ 5, 8, 10–11, 14. The public disclosure of any portion of this confidential information would harm both Amazon and its nonparty advertisers by arming competitors with sensitive, nonpublic information about Amazon's internal systems. *Id*. ¶¶ 6–7, 9, 12–13.

## III. ARGUMENT

Under this Court's Local Rules, a party that seeks to seal confidential information must show "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3). The Court may seal judicial records when a party provides a compelling reason to keep information out of the public view. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). While "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court,'" *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)), a court "commit[s] clear error" by refusing to seal "confidential and commercially sensitive information . . . from public disclosure." *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

### A. Amazon's Commercially Sensitive Information Should be Sealed.

The Complaint contains two primary categories of Amazon's commercially sensitive information: (1) confidential information regarding the specific numerical parameters and design specifications of Amazon's auction systems; and (2) Amazon's nonpublic financial data. Because disclosure of this "business information . . . might harm [Amazon]'s competitive standing," this information should be sealed. *Nixon*, 435 U.S. at 598.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

First, this Court should seal the Complaint's references to confidential information regarding the granular numerical parameters and design specifications of Amazon's internal auction systems. *See* Compl. ¶¶ 56, 60–62, 65–66, 68-–69, 175–176, 180, 182–183, 193, 195–196, 205–206, 209–212, 226, 228, 252, 258, 261–262. This includes the current operative settings of Amazon's proprietary auction systems, as well as historical information reflecting the evolution of its design specifications over time, since the current auction mechanics build on and incorporate elements of prior versions. Sengupta Decl. ¶ 5. This data is limited to the specific numerical values of Amazon's algorithmic auction formulas and other detailed specifications of Amazon's auction systems' design that Amazon does not disclose in the ordinary course of business due to the competitively sensitive nature of these specifications, such as the proprietary methodology for calibrating each of these parameters and the operating points at which Amazon's systems are allegedly calibrated to run. *Id*. ¶¶ 5–6.

"One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). That factor weighs in favor of sealing here: A competitor armed with the specific numerical values of elements of Amazon's auction formulas could benchmark against, reverse-engineer, and undercut Amazon's auction methodology, putting Amazon at a significant competitive disadvantage. Sengupta Decl. ¶ 6. This kind of "confidential financial, pricing, and strategic planning information" whose disclosure "would competitively harm" Amazon satisfies the "[c]ompelling reasons" standard. *J.R. Simplot Co.*, 2016 WL 11066581, at *1; *see also Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (finding good cause to seal "confidential financial projections, marketing strategies, and business plans all of which could be used against [the party] by competitors"); *WAG Acquisition, LLC v. Flying Crocodile, Inc.*, 2021 WL 2778578, at *9–10 (W.D. Wash. July 2, 2021) ("protect[ing]" party's "trade secrets from disclosure" satisfies compelling reason standard).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

These internal operating parameters are different from the auction outputs that the Complaint alleges advertisers experienced—which Amazon does not seek to seal. The alleged results of Amazon's auction enhancements and every allegation characterizing those results will remain public. But the specific parameter values and design of Amazon's algorithm are competitively sensitive. Courts in this District and Circuit routinely seal precisely this kind of internal system detail even where the systems' external behavior is public. *See Bottoms v. Block, Inc.*, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (sealing confidential database and field names and descriptions); *Calhoun v. Google LLC*, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (sealing "sensitive features of Google's internal systems and operations," including "internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (protection extends to "confidential information regarding [a defendant's] products, services, and business practices"). That rationale for sealing applies equally to Amazon's current and historical parameters, both of which are commercially sensitive because they provide a window into Amazon's business strategies and the evolution of Amazon's auction systems' specific design. *See Houserman v. Comtech Telecomms. Corp.*, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) (historical data may be sealed absent a showing it is "no longer part of business strategies or metrics that are used today"); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Second, this Court should seal the Complaint's references to Amazon's nonpublic financial data. Nonpublic data and analyses cited in the Complaint show the details of Amazon's confidential financial planning and analyses and Amazon's confidential product-level revenue and benchmarking data. *See* Compl. ¶¶ 1, 4, 6, 11, 44, 75, 77–78, 101, 194, 198–199, 202, 204, 212, 216–218, 252, 255, 262; Sengupta Decl. ¶ 8. Amazon does not publicly report its



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

advertising revenue at the product level, so disclosure of these discrete dollar figures and shares would permit competitors to reverse-engineer nonpublic revenue information about specific Amazon advertising products. Sengupta Decl. ¶¶ 8, 9. Competitors could also deploy Amazon's internal projections and performance metrics directly in sales negotiations with the advertisers both companies work with, benchmarking their own offerings against figures Amazon has never released. Both uses would put Amazon at a concrete competitive disadvantage in a marketplace where rivals compete for the same advertising budgets. *Id.* ¶ 9.

That is why courts routinely hold that nonpublic revenue data of this nature satisfies the standard for sealing. *See Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018) ("The Western District of Washington permits retaining under seal nonpublic information regarding litigants' sales, cost, profit, and market share data."). Courts also protect internal analyses where disclosure "could adversely affect future [internal business] deliberations," *In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019), including where it reveals a company's internal assessment of "business opportunities and risks," *Kumandan v. Google LLC*, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023). Those precedents apply with full force here. This Court should seal the Complaint's references to Amazon's commercially sensitive information.

**B. The Confidential Information of Nonparty Advertisers Should be Sealed.**

The Court should also seal the Complaint's references to the confidential information of nonparty advertisers—including the identities of specific brands paired with nonpublic, campaign-level cost and performance data. This includes some confidential information about nonparty advertisers' granular data in Amazon auctions, including specific details about their cost-per-click and return on ad spend trends. The FTC has this information about Amazon's confidential business dealings with those nonparty advertisers because Amazon produced it as part of the pre-filing investigation. *See* Compl. ¶¶ 202, 253–258; Sengupta Decl. ¶ 11. Maintaining the confidentiality of this nonparty confidential information is commercially



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

important to both the nonparties and Amazon. *Id.* ¶¶ 12–13. Disclosure of nonparty confidential information could harm Amazon's nonparty advertisers by placing them at a competitive disadvantage relative to other companies that compete with them in the marketplace for their products. *Id.* ¶ 12. Amazon's competitors could use such disclosure of nonparties' sensitive commercial information to cause Amazon commercial harm by allowing competitors access to granular Amazon analyses of the performance of specific advertisers at various times and by discouraging advertisers' interest in doing business with Amazon due to concerns that their advertisers' sensitive performance data may not be kept confidential from their own competitors. *Id.* ¶¶ 12–13.

Courts in this District consistently seal nonparties' nonpublic business data. *See Eko Brands*, 2018 WL 11433938, at *1; *Williams v. PillPack, LLC*, 2021 WL 5113467, at *8 (W.D. Wash. Nov. 3, 2021); *Guild Mortgage Co. LLC v. CrossCountry Mortgage LLC*, 2022 WL 18999842, at *6 (W.D. Wash. Dec. 6, 2022); *see also Allstate Ins. Co. v. Shah*, 2023 WL 2307826, at *2 (D. Nev. Feb. 28, 2023) (sealing nonparty names and sensitive financial information). This Court should do the same, recognizing that disclosure of that commercial data could harm both Amazon and its nonparty commercial advertising partners.

**C. No Less Restrictive Alternative Exists.**

Finally, no less restrictive alternative exists because the proposed redactions are themselves the least restrictive alternative. LCR 5(g)(3)(B)(iii). Amazon does not ask the Court to seal any paragraph in full and does not seek to seal any material where a narrower redaction suffices; it asks only that discrete values, figures, formula details, and nonparty identifiers be redacted. The redactions do not impede the public's ability to understand Plaintiffs' claims, the alleged conduct, or the relief sought—the public can read what Amazon's systems are alleged to do. These redactions withhold only the proprietary settings and discrete figures that Amazon's competitors could exploit.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

For the above reasons, this Court should grant the motion to seal the information redacted in the version of the Complaint at Exhibit A for the reasons specified in Exhibit B to the Motion.

DATED this 28th day of September, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Theo A. Lesczynski, WSBA #59780
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Email: johngoldmark@dwt.com
Email: maryannalmeida@dwt.com
Email: theolesczynski@dwt.com

DUNN ISAACSON RHEE LLP

By *s/ Jeannie S. Rhee*
Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
401 9th Street, NW
Washington, DC 20004
Tel: (202) 240-2900
Email: kdunn@dirllp.com
Email: jrhee@dirllp.com
Email: ratkinson@dirllp.com

Hannah Klain*
11 Park Place
New York, NY 10007
Tel: (202) 240-2900
Email: hklain@dirllp.com

GIBSON, DUNN & CRUTCHER LLP

By *s/ Natalie J. Hausknecht*
Natalie J. Hausknecht*

1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Tel: (303) 298-5783
Email: nhausknecht@gibsondunn.com

Gustav W. Eyler*
1700 M Street, N.W.
Washington, DC 20036
Tel: (202)955-8610
Email: geyler@gibsondunn.com

William Savitt*
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-2355
Email: wsavitt@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

**admitted pro hac vice*

*I certify that this memorandum contains 2,542 words, in compliance with the Local Civil Rules.*