The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | No. 2:26-cv-03097-JHC<br><br>**DECLARATION OF ANIRBAN SENGUPTA** |

I, Anirban Sengupta, declare as follows:

1. I am a Director of Sponsored Products at Amazon.com, Inc. ("Amazon"). I submit this declaration in support of Amazon's Motion to Seal Commercially Sensitive Information included in Plaintiffs' Complaint. Unless otherwise noted, the matters set forth below are true and correct to the best of my personal knowledge, including developed through my work experience at Amazon and my review of the materials in this case. If called as a witness, I could and would testify competently thereto.

2. I have been employed at Amazon in my current position since January 2026. In that role, I oversee certain aspects of Amazon's advertising business within Sponsored Products and Brands, including business related to advertising campaign management, bidding, and advertiser controls including placement, bid adjustment, and audience based boosting. I lead Applied Science, Engineering, and Product teams related to Sponsored Product and Brand's advertiser experiences. I previously worked for Amazon in several other roles, including as Senior Manager of Applied Science, Sponsored Products (2021-2024); Head of Machine



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Learning at Amazon Payments (2019); Senior Manager, Machine Learning at Sponsored Products (2017-2019); Senior Manager of Research Science at Social Shopping Tech (2017); Manager of Research Science at Social Shopping Tech (2016-2017); Senior Research Scientist at Social Shopping Tech (2015-2016) and Mechanical Turk (2014-2015); Senior Business Intelligence Engineer at Mechanical Turk (2013-2014); Senior Demand Planner at Kindle (2012-2013).

3. I have reviewed the Complaint, including the portions that Amazon has moved to seal, and the Motion to Seal Commercially Sensitive Information (the "Motion").

**Amazon's Confidential Business Information**

4. As part of Amazon's auction process for Sponsored Ads, Amazon collects, develops, and maintains highly confidential and commercially sensitive business information ("Confidential Business Information").

5. Amazon's Confidential Business Information includes nonpublic information regarding the specific numerical parameters and granular design specifications of Amazon's auction systems. That information includes the current operative settings of Amazon's proprietary auction systems. Because Amazon's current auction mechanics build on and incorporate elements of prior iterations of the auction systems, this Confidential Business Information also includes historical information that reflects the changes and development in Amazon's specifications for its auction systems over time. Specifically, this information consists of Amazon's internal operating points at which its auction systems are calibrated; the design of auction mechanisms that Amazon developed, tested, and subsequently retired or continues to use in other products; and Amazon's proprietary methodology for experimenting on and calibrating each of these internal operating points. Amazon developed this information over years of sustained engineering investment and iterative experimentation. The historical parameter values remain competitively sensitive today because Amazon's current systems build on and incorporate elements of the prior iterations, and the trajectory of the values or design specifications reveals Amazon's methodology for tuning its systems.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

6. Amazon does not publicly disclose the numerical parameters and granular design specifications for its auction systems in the regular course of business, and it closely guards the confidentiality of that information within the company to prevent its disclosure to competitors. Amazon has a strong commercial interest in protecting the confidentiality of its auction systems' parameters and design specifications, because the disclosure of that information would arm Amazon's competitors with sensitive, nonpublic information. A competitor armed with specific details about Amazon's current and historical auction operating points could benchmark against, reverse-engineer, and subvert Amazon's auction systems, and calibrate its own advertising products to undercut Amazon, putting Amazon at a significant competitive disadvantage.

7. Each element of this information has a concrete use in the hands of a competitor. Another publisher that obtains the values of Amazon's internal operating points could calibrate its own auction parameters against them, adopting at no cost settings that took Amazon years of investment and experimentation to develop. A competitor that knows Amazon's internal operating points could model its own auction economics against Amazon's and use that information to undercut Amazon's position when soliciting the same advertisers that Amazon serves, causing Amazon to lose advertisers. A competitor that learns the granular design of auction mechanisms Amazon built, tested, and continues to use or retired would acquire the benefit of Amazon's knowledge of which designs fail and why—without incurring the cost of a single experiment. And a competitor that obtains the specifics of Amazon's experimentation methodology could replicate Amazon's approach to calibrating its systems. Each of these uses would put Amazon at a significant competitive disadvantage compared to competitors that also conduct ad auctions.

8. Amazon's Confidential Business Information also includes nonpublic financial data, which includes: (a) the product-level revenue composition of Amazon's advertising business, which Amazon does not report publicly at that level of detail; (b) internal projections of the revenue impact of specific design changes; (c) the share of specific advertising products' revenue allegedly attributable to particular internal auction mechanisms; and (d) internal



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

performance metrics that Amazon calculates for its own analysis and does not publicly disclose. Amazon uses this data to improve its products and services for its customers, to aid its efforts to attract and retain customers that might otherwise choose the products or services of competitors, and to aid its internal analyses and decision-making process.

9. Amazon does not publicly disclose its nonpublic financial data in the ordinary course of business. Maintaining the confidentiality of this information is of commercial importance to Amazon. Because Amazon does not publicly report its advertising revenue at the product level, disclosure of these discrete dollar amounts and revenue shares would permit competitors to calculate or closely estimate nonpublic revenue information about specific Amazon advertising products. Competitors could also deploy Amazon's internal projections and internal performance metrics directly in their own marketing and in sales negotiations with the advertisers that both companies solicit, benchmarking their offerings against internal Amazon figures that Amazon has never publicly disclosed. Each of these uses would put Amazon at a competitive disadvantage in a marketplace in which multiple companies compete for the same advertising budgets.

10. Based on my review of the unredacted Complaint, which the FTC filed under seal, Amazon's Confidential Business Information is publicly disclosed in paragraphs 1, 4, 6, 11, 44, 56, 60-62, 65-66, 68-69, 75, 77-78, 101, 175-176, 180, 182-183, 193-196, 198-199, 202, 204-206, 209-212, 216-218, 226, 228, 252, 255, 258, and 261-262 of the Complaint.

**<u>The Confidential Information of Nonparty Advertisers</u>**

11. The Complaint also includes numerous references to the confidential information of Amazon's nonparty advertisers, including confidential financial data. That information includes the identities of specific advertisers and brands, paired with specific, nonpublic details about those advertisers' performance in Amazon auctions—including campaign-level cost-per-click data and figures, return-on-ad-spend levels and trends, and descriptions of performance around specific dates and events on identified advertisers' campaigns. It is my understanding that this information ("Nonparty Confidential Information") is nonpublic and confidential. Amazon



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

acquires this information in the course of its confidential business dealings with nonparty advertisers.

12. Disclosure of the Nonparty Confidential Information referenced in the Complaint would harm Amazon's nonparty advertisers by placing them at a competitive disadvantage relative to the companies that compete with them in the marketplace for their own products. The Complaint pairs named brands with nonpublic, campaign-level cost and performance figures; a named advertiser's product-market rivals could read its advertising costs, returns, and spending patterns directly from the public Complaint. Amazon does not provide detailed information about the performance of advertisers' campaigns to other advertisers in the ordinary course of business. Publicly disclosing detailed information about these nonparties' cost-per-click and return on ad spend, for example, would allow those advertisers' own competitors to adjust their strategies based on otherwise nonpublic details about an identified rival's advertising costs, returns, and trends.

13. Disclosure of the Nonparty Confidential Information in the Complaint would also harm Amazon by damaging its relationships with advertisers because advertisers trust Amazon to keep their sensitive commercial information confidential, and the disclosure of that information could negatively impact those advertisers' interest in being Amazon's commercial partners.

14. Based on my review of the unredacted Complaint, Nonparty Confidential Information is disclosed in paragraphs 202 and 253-258 of the Complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on September 28, 2026 at Seattle, Washington.

DocuSigned by:
Anirban Sengupta
0D5DA21A9DD745F...

Anirban Sengupta



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax