FILED LODGED RECEIVED MAIL

OCT 02 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

OSCAR ERNESTO ROMERO
*Movant for Leave to File as Amicus Curiae, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, PEOPLE OF THE STATE OF CALIFORNIA, and the other Plaintiff States, | ) | **Case No. 2:26-cv-03097-JHC** |
| Plaintiffs, | ) | **MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE (LOCAL CIVIL RULE 7(O))** |
| v. | ) | The Honorable John H. Chun |
| | ) | NOTE ON MOTION CALENDAR: October 9, 2026 |
| AMAZON.COM, INC., | ) | *Filed by mail, pro se* |
| Defendant. | | |

# MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE UNDER LOCAL CIVIL RULE 7(O)

*[By a non-party, in propria persona. The proposed brief and a proposed order accompany this motion. The proposed order is also sent in Word to chambers.]*

**1. The movant.** Oscar Ernesto Romero is the plaintiff, in propria persona, in *Romero v. Amazon.com, Inc., Twitch Interactive, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal.), commenced on 13 April 2026 before the Honorable Jinsook Ohta. That action concerns the audience figures published by Amazon.com, Inc.'s subsidiary Twitch Interactive, Inc. He is not a party to this action, and this motion does not ask that he become one. He asks leave to file the brief that accompanies this motion.

**2. The nature of his interest.** He is a viewer and a creator on Twitch and a paying customer of it, and his own sessions are among those counted. This action concerns what advertisers were charged in an auction Amazon.com, Inc. operates. His action concerns what the audience was reported to be: the units against which advertising is sold on the same corporate family's live-video service. The price and the count are two outputs of one set of records, held by one custodian. His interest is that those records survive, and that nothing entered in this action disposes of them, or of the claims of the persons they measure, without the Court knowing that they exist. He and Ms. Lydia Wilson, the creator of the channel measured in the brief, are the individual viewer and the creator: victims, the first-filed action pleads, of an ongoing structural fraud in records held by the same corporate family whose advertising this action concerns. There he sues on his own injury under 18

U.S.C. § 1962(c) and (d), 18 U.S.C. §§ 1589 and 1595, and 42 U.S.C. § 1985(2), and asserts her rights alongside his own (Second Supplemental Pleading, Section IV and correction (t); Fourth Amended Complaint, paragraph 3). He is also the person who reported the conduct: to the Federal Bureau of Investigation, the Securities and Exchange Commission and the Commission itself on 11 March 2026, after which he was suspended, banned, vilified across channels, and met with a procured foreign order as the reason he may not be heard (brief, paragraph 2-A). The count reaches this Court from a victim and a whistleblower.

**3. The parties supported.** The Federal Trade Commission and the Plaintiff States. The movant supports their claims in full and opposes none of them.

**4. Why a brief is desirable.** The Court will set a schedule in this action, and with it the scope of what must be preserved. Amazon.com, Inc.'s subsidiary has already told another federal court, in a paper filed on 15 September 2026, that "Twitch capped channels, eliminated payments, and deployed enhanced viewbot detection" (*Romero*, Docket Entry 132, page 5). Each of those acts leaves a record: a detection output, a cap, a payment eliminated. Those records are sought in the first-filed action. The brief tells the Court where they are sought and what they are, so that two courts do not order the preservation of one dataset on different terms, or one of them unknowingly permit its disposal.

**5. Why no party adequately represents his position.** The Commission and the Plaintiff States sue on the price of an advertising impression. The complaint does not use the words "invalid traffic" or "Twitch."

Amazon.com, Inc.'s interest runs against his. No party here presents the count end of the same records, or the persons the count is made of.

**6. Why the matters are relevant to the disposition of the case.** They bear on four things the Court will decide: the scope of preservation; the coordination of discovery from one custodian across the related proceedings; the pace of this action, against a defense whose record in every forum is time; and the terms of any consent decree, so that no decree releases claims it was not meant to reach. It also tells the Court the plan for those records in the first-filed action: a receiver, with the Commission and the State of California as its custodians (*Romero*, Docket Entries 125 and 128).

**7. Timing.** No motion is pending in this action. The brief is filed before the Court reaches scheduling and preservation, so that it prejudices no party and delays no ruling (Local Civil Rule 7(o)(3)). It asks for no stay and no change to any date.

**8. Candour.** The movant has filed nothing in this action before this motion. On 8 September 2026 he sent counsel for Amazon.com, Inc. copies of papers he had then prepared for this Court and did not file. This motion and the accompanying brief replace them. With this motion he serves on every party the Second Supplemental Pleading delivered for filing in the first-filed action on 28 September 2026, which is his report of the conduct to the enforcement authorities (paragraphs 53 to 56 of that pleading).

**9. The position of each party on the filing of the brief (Local Civil Rule 7(o)(2)).** The movant has not obtained the position of any party before filing. With twenty-three plaintiffs and one defendant, the movant serves every

party by electronic mail with this motion and relies on the opposition period the rule provides: each party may oppose within seven days after service.

**10. Relief.** The movant asks that the Court grant leave and direct the Clerk to file the accompanying brief.

---

Dated: 9-28, 2026.

**OSCAR ERNESTO ROMERO**
Movant, In Propria Persona
4107 Villa Marena, Col. Puesta del Sol, Playas de Rosarito, B.C. 22710, México
ozromeo338@gmail.com · +52 1 646 601 7866

I certify that this motion contains 899 words, in compliance with the Local Civil Rules.

---

**CERTIFICATE OF SERVICE**

I certify that on the date below I caused this motion, the proposed brief and the proposed order to be mailed to the Clerk of the Court for filing. Service on counsel of record is made by electronic mail and is certified in a separate Certificate of Service filed when service is made.

Dated: 9-28, 2026.

**OSCAR ERNESTO ROMERO**

OSCAR ERNESTO ROMERO
*Movant for Leave to File as Amicus Curiae, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

Retail

UNITED STATES POSTAL SERVICE

98101

RDC 03

0 Lb 1.70 Oz

U.S. POSTAGE PAID
PM
SAN DIEGO, CA 92101
SEP 28, 2026

$14.50

S2324H505239-25

MAIL

LODGED
RECEIVED

OCT 02 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Clerk of Court U.S. District C
Western District of Washingt
700 Stewart St. Suite 2
Seattle, WA 98101

EXPECTED DELIVERY DAY: 10/01/26

USPS TRACKING® #

9505 5152 0299 6271 0061 32