The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br>Plaintiffs,<br>v.<br>AMAZON.COM, INC., a corporation,<br>Defendant. | No. 2:26-cv-03097-JHC<br>**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO OSCAR ERNESTO ROMERO'S MOTIONS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**<br>NOTED ON MOTION CALENDAR: October 23 and 26, 2026 |

## I. INTRODUCTION

Non-party Oscar Ernesto Romero ("Romero") is a pro se litigant suing Amazon.com, Inc. ("Amazon") and Twitch Interactive, Inc. ("Twitch") in the Southern District of California. *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. filed April 13, 2026). In two Motions for Leave to File a Brief as Amicus Curiae ("Motions"), Romero asks the Court for leave to file a brief in support of the Federal Trade Commission and the Plaintiff States, asserting that he "supports their claims in full and opposes none of them." Dkt. 95 at 3; Dkt. 96 at 3.[1] In substance, however, Romero seeks to use the proposed amicus brief to advance his own

[1] On October 2, 2026, Romero filed a Motion for Leave to File a Brief as Amicus Curiae, noted for October 9, 2026. Dkt. 95. It was filed by mail and entered on the docket on October 7, 2026. *Id.* On October 5, 2026, Romero filed by mail a second Motion for Leave to File a Brief as Amicus Curiae, Dkt. 96, which is identical to the first motion except it attaches a proposed amicus brief, *id.* at 7-16. The court renoted the motions for October 23, 2026 and October 26, 2026, respectively. *See* Dkts. 95-96.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

case, which concerns Twitch audience counts, not the advertising auction at issue here. Although somewhat unclear from Romero's filings, it appears that, in this case, he wants to brief his pending requests for records in his own case in the Southern District of California. The Motions should be denied.

## II. LEGAL STANDARD

"There is no inherent right to file an amicus curiae brief with the Court." *Compass, Inc. v. Nw. Multiple Listing Serv.*, 2026 WL 1248225, at *1 (W.D. Wash. May 6, 2026) (quoting *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999)). "The classic role of amicus curiae has been to assist in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Id.* (quoting *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)) (cleaned up). While there are "no strict prerequisites to qualify as amici," an amicus must "make a showing that his participation is useful to or otherwise desirable to the court." *Id.* (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). LCR 7(o)(2) requires the proposed amicus to "set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case."

## III. ARGUMENT

Romero does not meet the standard for amicus participation.

*First*, Romero does not explain why his participation as amicus is useful or desirable to the Court. According to the Motions, Romero's interest is in preserving records relevant to his own case pending in the Southern District of California against Amazon and Twitch. Dkt. 95 at 2–4; *see also* Dkt. 96 at 2–4, 11–15 (identifying records sought). But any such requests for records in Romero's case are properly directed to the court where Romero's case is pending or to the parties there. Romero appears to assert that his brief is desirable "so that two courts do not order the preservation of one dataset on different terms, or one of them unknowingly permit its



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

disposal," Dkt. 95 at 3; Dkt. 96 at 3, but there is no discovery issue pending before this Court, and Romero does not articulate any real risk of conflicting rulings that would impact his case.

Nor do the two matters involve "one dataset." Dkt. 95 at 3. The Twitch audience data Romero claims is relevant to his case is distinct from any Amazon Ads auction data at issue here. Although Romero describes his case as one that "concerns the audience figures published by . . . Twitch," his claims instead arise solely from his own interactions on Twitch. Specifically, he complains about how he was treated by other Twitch users and moderators, who allegedly labeled Romero a "stalker," banned him from channels and Discord servers, criticized his interactions with a prominent streamer who, by Romero's own admissions, has obtained a restraining order against him, and contacted security or law enforcement about his conduct. *See* Third Amended Complaint, Dkt. 45, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (August 13, 2026); Complaint, Dkt. 1, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (April 13, 2026). He thus has not made "a showing that his participation is useful to or otherwise desirable to the court" here. *Compass*, 2026 WL 1248225, at *1 (quoting *In re Roxford Foods Litig.*, 790 F. Supp. at 997).

*Second*, Romero does not explain why his position is not adequately represented by a party to the instant litigation. To the contrary, Plaintiffs—with whom Romero purports to align himself, *see* Dkt. 95 at 3; Dkt. 96 at 3—"are well represented by counsel" and "the proposed amicus brief does not identify any unique information or perspective that will aid the Court." *Compass*, 2026 WL 1248225, at *1.

*Third*, Romero does not and cannot show that the matters discussed in the proposed brief are "relevant to the disposition of the case." LCR 7(o)(2). He does not identify any specific pending motion or issue regarding which the proposed amicus brief would assist the Court—much less on any dispositive issue.

*Finally*, the Court should also deny leave for Romero to file his proposed amicus brief because the Motions are procedurally improper. LCR 7(o)(2) requires that the motion "state the position of each party as to the filing of such a brief." But Romero admits he "has not obtained



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the position of any party before filing," and he recognizes that his proposed amicus brief does not address any pending motion. Dkt. 95 at 4–5. His Motions should be denied on these procedural grounds as well. *See Washington v. Trump*, 2017 WL 1045950, at *1 n.2 (W.D. Wash. Mar. 16, 2017) (denying pro se individual's request for leave to file amicus brief on procedural grounds).

For the foregoing reasons, Amazon respectfully requests that the Court deny Romero's Motions at Dockets 95 and 96.

DATED this 19th day of October, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ John A. Goldmark*

John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Theo A. Lesczynski, WSBA #59780
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Email: johngoldmark@dwt.com
Email: maryannalmeida@dwt.com
Email: theolesczynski@dwt.com

DUNN ISAACSON RHEE LLP

By *s/ Jeannie S. Rhee*

Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
401 9th Street, NW
Washington, DC 20004
Tel: (202) 240-2900
Email: kdunn@dirllp.com
Email: jrhee@dirllp.com
Email: ratkinson@dirllp.com

Hannah Klain*
11 Park Place
New York, NY 10007
Tel: (202) 240-2900
Email: hklain@dirllp.com

GIBSON, DUNN & CRUTCHER LLP

By *s/ Natalie J. Hausknecht*
Natalie J. Hausknecht*
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Tel: (303) 298-5783
Email: nhausknecht@gibsondunn.com

Gustav W. Eyler*
1700 M Street, N.W.
Washington, DC 20036
Tel: (202) 955-8610
Email: geyler@gibsondunn.com

William Savitt*
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-2355
Email: wsavitt@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

**admitted pro hac vice*

*I certify that this memorandum contains 1,042 words, in compliance with the Local Civil Rules.*