The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br>Plaintiffs,<br>v.<br>AMAZON.COM, INC., a corporation,<br>Defendant. | No. 2:26-cv-03097-JHC<br>**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO OSCAR ERNESTO ROMERO'S MOTION TO INTERVENE** |

## I. INTRODUCTION

Non-party Oscar Ernesto Romero is a pro se litigant suing Amazon.com, Inc. ("Amazon") and its subsidiary Twitch Interactive, Inc. ("Twitch") in the Southern District of California over his experiences as a Twitch user. *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. filed Apr. 13, 2026). He asks to intervene here for the stated purpose of opposing Amazon's Motion to Seal Commercially Sensitive Information, Dkt. 91, and advocating for unsealing the Complaint. *See* Dkt. 98 at 6, 16. Romero's own papers make clear that his real objective has nothing to do with unsealing, with Plaintiffs' Complaint, or even with the allegations and issues in this action. Rather, Romero seeks to intervene here because he is looking for another forum to file motions and reiterate arguments pertaining to the completely unrelated issues in his Twitch case.

Even read liberally, the Motion fails. The redacted material includes internal Amazon Ads auction information, nonpublic financial data, and nonparty advertiser confidential



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

information; it contains no Twitch records and has nothing to do with Romero's claims. *See* Dkt. 91 at 1–2, 4–8. Romero identifies no public interest or personal interest in those limited redactions, and he has not rebutted, or responded directly to, Amazon's argument that there are compelling reasons for sealing the redacted information. Instead, his argument for public access simply adopts Plaintiffs' position, which is already being litigated by experienced counsel. Dkt. 98 at 9, ¶ 16; *id.* at 16, ¶ 31(c); Dkt. 102. Intervention would add nothing to a fully briefed sealing dispute and would invite delay and burden. Fundamentally, the relief Romero seeks—access to information relevant to his case—is unrelated to Amazon's sealing motion and is already available, without intervention, through the normal discovery process in his own litigation. The Court should deny the Motion.

## II. BACKGROUND

### A. Amazon's Showing of Compelling Reasons to Seal the Complaint

The FTC and Plaintiff States ("Plaintiffs") filed a partially redacted version of the Complaint, together with an unredacted Complaint under seal, on August 31, 2026. Dkts. 1, 3. Amazon moved to maintain under seal a limited subset of nonpublic, confidential information in the Complaint that Plaintiffs possess only because Amazon produced it to the FTC as part of an investigation that preceded Plaintiffs' Complaint. Dkt. 91. The vast majority of the 566-paragraph Complaint is already public, and Amazon did not seek to permanently seal the initial redactions in roughly 25 paragraphs. *Id.* at 2–3 & n.1. Amazon has not asked the Court to seal any description of its alleged conduct. *Id.* at 3. Instead, Amazon requests sealing only of (1) its commercially sensitive information, including confidential numerical parameters and certain granular technical specifications relevant to Amazon's internal auction systems, as well as nonpublic financial information; and (2) nonparty advertisers' confidential information concerning the performance and strategy of their advertising. *Id.* at 1. Amazon's Motion to Seal detailed the compelling reasons why each category of commercially sensitive information should remain under seal. *Id.* at 4–8. Amazon also submitted a declaration by an Amazon representative attesting to the materials' confidentiality and commercial sensitivity. Dkt. 92. Plaintiffs opposed



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon's motion to seal, Dkt. 102, and Amazon filed a reply in support of sealing on October 19, 2026, Dkt. 107. Amazon's Motion to Seal thus has been fully briefed.

**B. Romero's Action in the Southern District of California**

Proposed intervenor Romero is a stranger to this suit, but not to litigation against Amazon. Romero has a pro se lawsuit pending against Amazon, its subsidiary Twitch, Twitch's chief executive, individual moderators, and others in the Southern District of California. *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. filed Apr. 13, 2026). His claims arise from his own interactions on Twitch, including disputes with a streamer and moderators, and his ban from the platform. Twitch is a popular livestreaming platform that allows users to host, arrange, and disseminate user-generated content. His claims in no way relate to Amazon Sponsored Ads or ad auctions, the subject matter of the action pending before this Court. Twitch and Amazon's fully briefed motion to dismiss the Third Amended Complaint is pending. Dkts. 72, 113, 114, 132, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC. As of October 20, 2026, the docket in Romero's case had 138 entries in six months, with at least fifteen of Romero's motions pending—all before the motion to dismiss has been decided. One of Romero's motions seeks, among other things, to join the Plaintiffs from this case to his action. Dkt. 125, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. Sept. 10, 2026).

**C. Romero's Efforts to Intervene**

This is not the first time that Romero has sought to insert himself into unrelated litigation against the entities he is suing. On September 14, 2026, Romero moved to intervene in three class actions in the Northern District of California, currently consolidated before Judge Orrick. *See* Dkt. 18, *In re Twitch Generative AI Litig.*, No. 3:26-cv-08721-WHO (N.D. Cal. Sept. 14, 2026).

On October 5, 2026, Romero moved to intervene in this case. Dkt. 98. Together with his Motion, Romero filed over 100 pages of attachments, which consist of materials from his Southern District of California case about alleged events on Twitch and his interactions with



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

individual non-parties in the Twitch matter. *Id.* at 18–118. He also sought the Court's leave to participate as amicus, which Amazon has opposed. Dkts. 95, 96, 106. That motion is pending.

## III. LEGAL STANDARD

"Permissive intervention is committed to the broad discretion of the district court." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 794 (9th Cir. 2019) (quoting *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986)). Under Federal Rule of Civil Procedure 24(b), a third party seeking to intervene generally must show: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cosgrove*, 770 F. App'x at 795. In exercising that discretion, the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

A movant seeking to intervene for unsealing on the basis of public access "does not need to demonstrate independent jurisdiction or a common question of law or fact." *Cosgrove*, 770 F. App'x at 795. But a collateral litigant seeking access to protected material for use in another case "must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003).

## IV. ARGUMENT

### A. The Court Should Deny Romero's Motion to Intervene.

Romero seeks permissive intervention under Rule 24(b) and LCR 5(g)(8).[1] Even construing his papers liberally, he cannot meet that standard. And even if the Court finds that he has made a sufficient showing, it should exercise its discretion to deny intervention.[2]

---

[1] Romero does not seek intervention as of right under Rule 24(a). Dkt. 98 at 2, 16, ¶ 31(a). Any such theory would fail because he identifies no protectable interest and his asserted interests are adequately represented by the FTC and Plaintiff States.

[2] Pro se filings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not, however, relieve a movant of his burden under Rule 24(b).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 1. Romero Does Not Meet the Standard for Intervention as a Collateral Litigant.

"Third parties may sometimes use permissive intervention under Rule 24(b) to seek access to protected case materials for use in collateral litigation." *In re Meta Pixel Tax Filing Cases*, 812 F. Supp. 3d 981, 983 (N.D. Cal. 2025). "Doing so is appropriate only where it 'advances the interests of judicial economy by avoiding the wasteful duplication of discovery.'" *Id.* (quoting *Foltz*, 331 F.3d at 1132). A collateral litigant must demonstrate "the relevance of the protected [material] to the collateral proceedings and its general discoverability therein." *Foltz*, 331 F.3d at 1132. That requirement prevents collateral litigants from gaining access to materials merely to subvert limitations on discovery in another proceeding. *See id.* If the collateral litigant fails to demonstrate common questions of fact with the collateral litigation, the motion to intervene will be denied. *Heck v. Amazon.com, Inc.*, 2026 WL 1295876, at *1 (W.D. Wash. May 12, 2026). Because Romero seeks access to the redacted information for use in his Twitch litigation, *Foltz* governs.

Romero fails to show relevance, let alone a common question of law or fact, between his Twitch case and this action. Romero's claims arise from moderation decisions, bans, and his interactions with a streamer and moderators on Twitch. Dkt. 98 at 3–5. He asserts claims under RICO, the UCL, the TVPRA, 42 U.S.C. §§ 1985(2) and 1986, and state tort law. Third Amended Complaint, Dkt. 45 ¶¶ 30–48, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. Aug. 13, 2026). This action, by contrast, concerns how Amazon set pricing in its Sponsored Ads auctions. *See generally* Compl. Indeed, there are no allegations about Twitch in the Complaint, *id.*; nor does Romero's Third Amended Complaint contain any allegations about Amazon Ads or ad auctions generally, Dkt. 45, *Romero v. Amazon.com, Inc., et al.*, No. 3:26-cv-02324-JO-JAC (S.D. Cal. Aug. 13, 2026). Aside from a common defendant, Romero's lawsuit and this one have nothing in common: No overlapping factual allegations, causes of action, or issues.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Romero misapprehends the nature of the material redacted in the Complaint, which similarly undermines any claim of relevance. Romero contends this action and his case share the following common question:

> Whether the input on which Amazon calibrates what advertisers pay may be hidden from them is a question this action and the movant's action share. His action concerns the audience figure; this action concerns the price charged against it. They are two ends of one record held by one custodian.

Dkt. 98 at 8. But the Twitch audience data Romero claims is relevant to his case is distinct from any Amazon Ads auction data implicated here. Romero argues that "[t]he values that Amazon asks this Court to seal are the price end of the same figure." *Id.* at 6. He also says the "calibration" Amazon seeks to seal "is the part of [a shared] record" between this case, the consolidated class actions in the Northern District of California, and his own case in the Southern District of California. *Id.* at 6–7. Both statements are mistaken: The Complaint's redactions cover information related to advertising auctions on the Amazon.com store, *not* advertising on the Twitch live streaming platform. Dkt. 91 at 1–2, 4–8; Dkt. 107 at 2. The "operating points at which Amazon's systems are allegedly calibrated to run" relate to auctions in Sponsored Products, Sponsored Brands, and Sponsored Display, not Twitch audience counts or other Twitch advertising metrics. Dkt. 98 at 10, ¶ 17 (quoting Ex. B, Dkt. 91-2 at 2). Because the redacted values have nothing to do with Twitch audience figures, unsealing them would provide no evidence for Romero's claims. That confirms both that Romero lacks any personal stake in the redactions and that unsealing of the redacted information here would not be relevant to Romero's separate action.

Moreover, Romero may seek records relevant to his own collateral litigation in his own case in the Southern District of California. Maintaining confidentiality in this district "does not foreclose independent discovery in any collateral litigation," and there is "no conceivable policy reason to serve up such information on a silver platter." *Foltz*, 331 F.3d at 1138; *see also Hall v. Cnty. of Fresno*, 2015 WL 13236882, at *6 (E.D. Cal. Dec. 11, 2015) (denying motion to intervene to unseal). Indeed, this Court recently denied intervention to a non-party who similarly



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sought sealed Amazon materials to support her own separate case. *Heck*, 2026 WL 1295876, at *1-2 (citing *Foltz*, 331 F.3d at 1131–32).

Romero has not carried his burden to show that the redacted information is relevant or discoverable in his pending case such that intervention could be appropriate. And, as in *Heck*, this Court should deny intervention.

**2. Romero's Request for a "Receiver" Goes Beyond the Scope of Recognized Intervention.**

In addition, Romero seeks relief beyond unsealing, which he describes as "the first step" toward a "receiver" over an "audience-measurement dataset" in his action. Dkt. 98 at 6–7. Specifically, Romero asks this Court to order an expedited "preservation and production" schedule "in this action and in the first-filed action"—*i.e.*, his own. *Id.* at 13, 16. None of that relief is available under LCR 5(g)(8), which permits intervention only for the limited purpose of a motion to unseal, and it is not available under Rule 24's standards for intervention generally. Document preservation and production matters in this case are being handled by experienced counsel on both sides. There is clearly no need for Romero to insert himself into that process, and his intervention in this case would not enable him to obtain whatever "preservation and production" schedule he seeks in his separate action in the Southern District of California.

**3. Romero Does Not Meet the Standard for Intervention on Public Access Grounds.**

Although Romero invokes LCR 5(g)(8) and the public right of access, he identifies no public interest in the redacted material. Instead, his stated purpose is to advance his own position in a separate litigation. Romero's argument for access largely restates case law but does not argue why it applies here. Dkt. 98 at 8–9. He asserts without evidence that SEC certifications, federal-contractor obligations, visa petitions, and events in his own case all relate to an alleged "figure," but he does not say what this "figure" is or that it is redacted in Amazon's proposed redacted Complaint. *Id.* at 11–12, ¶¶ 22–23. Meanwhile, the public can already read what Amazon's auction systems are alleged to do: Amazon seeks to maintain under seal a limited set



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of discrete numerical values and specifications, not any allegation regarding its conduct. Dkt. 91 at 3, 8; Dkt. 107 at 7.

The FTC and Plaintiff States have already articulated arguments for public access, and Romero adds nothing further regarding the public's interest. In assessing sealing, courts balance the public interest in access to the courts against the potential prejudice to the parties from disclosure. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Because the public interest in unsealing is already adequately represented by Plaintiffs, Romero's participation is unnecessary. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 956 (9th Cir. 2009). On the other hand, the delay that intervention would cause outweighs any value from Romero's participation in this suit, and granting intervention would invite further litigation here over Romero's wholly unrelated allegations in the Southern District of California.

Thus, there are no grounds for allowing Romero to intervene and oppose Amazon's Motion to Seal, and the Court should deny his request.

**B. The Court Should Deny Romero's Request to Unseal the Complaint.**

Even if the Court were to permit Romero to intervene in this case for the limited purpose of opposing the sealing motion, his request to unseal the Complaint should be denied. Romero has not rebutted Amazon's showing in its Motion to Seal that compelling reasons support maintaining the commercially sensitive information under seal. *See* Dkts. 91, 107. As discussed above, Romero appears to misapprehend the nature of the redacted material. He requests to unseal the Complaint because he seeks the Twitch "audience figure," *see* Dkt. 98, but no such data appears in the Complaint—and Romero does not explain where he believes it does. Even if he were entitled to the alleged information he describes, he could not obtain it by unsealing the Complaint. He identifies no public interest in unsealing separate from Plaintiffs' arguments, which Amazon has already answered. *See* Dkts. 102, 107. He fails to address Amazon's evidence that disclosure of the material would cause competitive harm.

This Court has recognized that confidential business information of this kind—business strategies and the technical operation of a company's products—presents compelling reasons to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

seal. *Heck*, 2026 WL 1295876, at *2 (sealing Audible's non-public material that could give unfair advantage to competitors); *Federal Trade Commission v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, Dkt. 79 (W.D. Wash. Oct. 10, 2023) (granting Amazon's motion to seal portions of complaint). For all the reasons articulated here and in Amazon's briefing on its Motion to Seal, the Court should grant Amazon's Motion to Seal and deny Romero's request to unseal the Complaint.

## V. CONCLUSION

For the above reasons, Amazon respectfully requests that the Court deny Romero's Motion to Intervene.

DATED this 26th day of October, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn T. Almeida, WSBA #49086
Theo A. Lesczynski, WSBA #59780
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Email: johngoldmark@dwt.com
Email: maryannalmeida@dwt.com
Email: theolesczynski@dwt.com

DUNN ISAACSON RHEE LLP

By *s/ Jeannie S. Rhee*
Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
401 9th Street, NW
Washington, DC 20004
Tel: (202) 240-2900
Email: kdunn@dirllp.com
Email: jrhee@dirllp.com
Email: ratkinson@dirllp.com

Hannah Klain*

11 Park Place
New York, NY 10007
Tel: (202) 240-2900
Email: hklain@dirllp.com

GIBSON, DUNN & CRUTCHER LLP

By *s/ Natalie J. Hausknecht*
Natalie J. Hausknecht*
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Tel: (303) 298-5783
Email: nhausknecht@gibsondunn.com

Gustav W. Eyler*
1700 M Street, N.W.
Washington, DC 20036
Tel: (202) 955-8610
Email: geyler@gibsondunn.com

William Savitt*
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-2355
Email: wsavitt@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

*admitted pro hac vice*

*I certify that this memorandum contains 2,812 words, in compliance with the Local Civil Rules.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of this certificate, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and I caused a copy to be mailed to the following:

Oscar Ernesto Romero
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, Mexico

*Movant, In Propria Persona*

☐ Messenger
☒ U.S. Mail, postage prepaid
☐ Federal Express
☒ UPS
☐ Fax
☐ ECF
☐ Electronic Mail

DATED this 26th day of October, 2026.

By: *s/ John A. Goldmark*
John A. Goldmark



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax