OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

FILED LODGED RECEIVED MAIL
OCT 27 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | **No. 2:26-cv-03097-JHC** |
| Plaintiffs, | **MOVANT'S REPLY IN SUPPORT OF HIS MOTION FOR LIMITED INTERVENTION (DKT. 98) AND HIS MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE (DKTS. 95 AND 96)** |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | The Honorable John H. Chun |
| | NOTED ON MOTION CALENDAR: October 30, 2026 |
| | *Filed by mail, pro se* |

**MOVANT'S REPLY IN SUPPORT OF HIS MOTION FOR LIMITED INTERVENTION TO BE HEARD ON THE MOTION TO SEAL AT DOCKET ENTRY 91, AND IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE**

## I. INTRODUCTION

Amazon's Opposition at Docket Entry 106 says the audience data at issue in the movant's case "is distinct from any Amazon Ads auction data at issue here." Four hours and fifteen minutes later, in Docket Entry 107, Amazon asked this Court to seal "**performance metrics**" that it "**calculates**," relying on a declaration from its Director of Sponsored Products describing his responsibility for "advertiser controls including placement, bid adjustment, and **audience based boosting**."

Both propositions cannot be true. That is the whole of the relevance question, and the defendant answered it twice in one afternoon.

**What Amazon calls litigating his own case is the subject of its own sealing motion.** The records showing how that figure is computed are the records it asks this Court to seal, and its response goes to whether he may be heard, not to the figure itself. **He asks to be heard on one pending motion — Amazon's Motion to Seal at Docket Entry 91 — on one point:** a figure that Twitch publishes continuously to the public is not confidential commercial information, and sealing the inputs that produce it withholds from creators and advertisers the means of checking a number they are paid and charged on.**

This reply is filed in support of the motion for limited intervention at Docket Entry 98 and is noted on that motion's calendar date. Local Civil Rule 7(o)(2) contemplates no further briefing on a motion for leave to file an amicus brief, and the movant proceeds upon Docket Entry 98 instead; the points Amazon directs at Docket Entries 95 and 96 are answered here because they are addressed to the same appearance and to the same question.

**This reply is in time on either of the two computations Local Civil Rule 7(d)(3) admits of, both of which reach 29 October 2026; the Certificate of Service sets them out.** No opposition to Docket Entry 98 appears on the docket, and **the movant does not treat Docket Entry 106 as one** — it is addressed, by its own caption and by the Clerk's entry, to Docket Entries 96 and 95.

## II. THE SEAL CATEGORIES ARE COMPETITOR-FACING. THE AUDIENCE FIGURE IS NOT.

Amazon's own description of what it seeks to seal, at Docket Entry 91, is specific: "specific brands paired with nonpublic, campaign-level cost and performance data," including "**nonparty advertisers' granular data in Amazon auctions, including specific details about their cost-per-click and return on ad spend trends**," which the Plaintiffs hold "because **Amazon produced it as part of the pre-filing investigation**." It also seeks to seal "granular **auction parameters and design specifications**," Dkt. 107.

**And the authority Amazon relies on defines the category.** It cites *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 2018 WL

11433938, at *1 (W.D. Wash. Oct. 12, 2018), for the proposition that "[t]he Western District of Washington permits retaining under seal nonpublic information regarding litigants' sales, cost, profit, and market share data*." That is the class of material Amazon's own precedent addresses.

Those categories share one feature: their asserted sensitivity rests on what a **rival publisher or advertiser** could do with them. The Sengupta Declaration says so in terms — another "publisher that obtains the values of Amazon's internal operating points could calibrate its own auction parameters against them," and a competitor "could model its own auction economics against Amazon's and use that information to undercut Amazon's position when soliciting the same advertisers that Amazon serves."

**Amazon also says what it is not asking for.** Of a 566-paragraph Complaint, "[t]he vast majority... will remain unredacted," and "**Amazon also does not seek to seal the substance of Plaintiffs' allegations.**" The allegations about how the figures are produced therefore remain public by Amazon's own election, and the movant's appearance concerns only whether the metric and its production are swept into a sealing order aimed at a different category.

**The concurrent-viewer figure is categorically different, for two reasons that appear in Amazon's and Twitch's own documents.**

**First, the figure is published.** Twitch displays a live concurrent-viewer number on every channel page, continuously, to every member of the public, without charge or credential. A number a party broadcasts to the

world in real time is not confidential, and no compelling reason can attach to the fact of it. What is withheld is not the number but **how the number is produced** — the inputs, the refresh cadence, and any ceiling applied — and that is withheld from the creators whose channels it describes and from the advertisers whose price it sets, not from competitors who can read the published figure as easily as anyone.

**Second, as to Twitch inventory there is no competitor to protect it from.** Twitch's Terms of Service, § 12: "**Twitch has the exclusive right to monetize the Twitch Services, including without limitation, the exclusive right to sell, serve, and display advertisements on the Twitch Services. Third-party advertising networks are not allowed to serve advertising through the Twitch Services.**" The Monetized Streamer Agreement restates it at § 4. The competitive-harm rationale in the Sengupta Declaration is addressed to publisher-against-publisher auction rivalry. **It does not reach a figure on a platform where, by the platform's own contract, no rival may sell at all.**

The movant asks that the order distinguish between those categories and the audience metric, and that the metric and its production not be sealed on a record that does not address it.

## III. LIMITED INTERVENTION IS THE PROPER VEHICLE

A non-party may intervene under Rule 24(b) to be heard on confidentiality and sealing. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003) — in which the intervenors were a non-party individual and three public-interest organisations, and the same decision the Plaintiffs cite at page 5 of their own opposition to this seal. *San Jose*

*Mercury News, Inc. v. U.S. District Court, Northern District*, 187 F.3d 1096 (9th Cir. 1999). *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470 (9th Cir. 1992).

**The request is timely**: the motion the movant asks to be heard on became fully briefed on **19 October 2026**, when Amazon filed its reply at Docket Entry 107, and is pending now.

**Docket Entry 106 is addressed to Docket Entries 95 and 96. It does not address the motion for limited intervention at Docket Entry 98.** Local Civil Rule 7(b)(2) provides that, except on summary judgment, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." This Court applies it. *Dowlad v. Progressive Casualty Insurance Co.*, No. 2:26-cv-01988-JHC, Dkt. 35 at 4 (W.D. Wash. Sept. 23, 2026); *Williams v. Langdon*, No. 2:25-cv-02360-JHC, Dkt. 14 at 1 (W.D. Wash. Mar. 18, 2026). **The movant asks that the rule be applied to the record as it stands on the noting date.**

## IV. THE STANDARD FOR SEALING, AND THE CONTRAST ALREADY ON THIS DOCKET

A seal requires compelling reasons supported by specific factual findings, without reliance on hypothesis or conjecture. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Foltz*, 331 F.3d at 1135.

On 13 October 2026 this Court granted a stipulated motion to seal at Docket Entry 105. The movant does not criticise that order and does not seek its reconsideration. He observes only this: the order issued on the parties' agreement, and the objection at Docket Entry 98 was pending at the time. **The purpose of a non-party appearance in a sealing dispute is to ensure that the public's interest is represented by someone whose interest is not served by agreement.**

## V. THE PARTIES' POSITIONS, AS LOCAL CIVIL RULE 7(o)(2) ASKS

Amazon says the motions are procedurally improper because they did not state each party's position. The positions are now of record, and Amazon established them:

- **Amazon opposes.** Docket Entry 106, filed 19 October 2026.
- **The Plaintiffs — the Federal Trade Commission and the twenty-two Plaintiff States, twenty-three parties in all — have not opposed.** No opposition from any Plaintiff appears on this docket.

That is every party's position on the filing of the brief. The rule's purpose is served on the face of the docket, and the movant states the positions here as the rule requires.

**The motions at Docket Entries 95 and 96 are one motion, and the movant told the Court so on 9 October 2026 when he lodged the proposed orders with chambers: the motion is complete on the docket at Docket Entry 95, Docket Entry 96 is the same motion entered a**

**second time, and its proposed order is at Docket Entry 96-1.** That message is recited in the Certificate of Service. Amazon's footnote agrees that Docket Entry 96 **"is identical to the first motion except it attaches a proposed amicus brief." Docket Entry 95 is the motion; Docket Entry 96 is the complete record of it**, carrying the brief in its body and the proposed order with it, and bearing the later noting date. Amazon's objection is supported by a citation to **Docket Entry 95 at pages 4 and 5 alone**. **Leave, if granted, is asked upon Docket Entry 96.**

## VI. THE PERSPECTIVE NO PARTY TO THIS CASE HOLDS

Amazon says the Plaintiffs are well represented and that the brief offers no unique information. The Plaintiffs are indeed well represented. **They do not hold an independent measurement of the published audience figure, and the movant does.**

The holding, as of 19 October 2026: **220,515 observations across 485 channels over 931 channel-days**, collected from public endpoints. It includes, for one full broadcast of 18 October 2026 paired on a single clock: 22,328 chat events, 941 distinct human speakers, and a published figure that moved between **2,904 and 3,100** — a band of 6.3% of peak — with a coefficient of variation of **1.81%**, drift across four and a half hours of **−0.1%**, and a correlation between per-minute chat volume and the published figure of **−0.01**, while unique speakers per minute ranged from **2 to 86**.

The method is reproducible from public endpoints and **can be re-run by Amazon.** That is what makes it useful to a court rather than to a party.

**VII. SERVICE**

Amazon's certificate at Docket Entry 108 states that its Opposition was served on the movant by **United States mail** to Playas de Rosarito, Baja California, Mexico, on 19 October 2026.

He is not a registrant in this Court's electronic system. **Counsel signing that certificate held his electronic address, having been copied at it on 26 September, 8 October and 19 October 2026.** Service having been made by mail under Rule 5(b)(2)(C), **three days are added to his time to act under Rule 6(d). The movant asks that further papers be served upon him by electronic mail at ozromeo338@gmail.com at the time of filing, in addition to mail.**

**VIII. CONCLUSION**

The movant respectfully requests that the Court:

1. **Permit limited intervention** under Rule 24(b) for the sole purpose of being heard on the Motion to Seal at Docket Entry 91; and in the alternative grant leave under Local Civil Rule 7(o) to file the brief tendered with Docket Entry 96;

2. In resolving Docket Entry 91, **distinguish the published audience metric and the inputs producing it from the sales, cost, profit, market-share and auction-parameter categories**, and decline to seal the former on the present record;

3. **In the interest of the market and of the public**, order that the operative concurrent-viewer figure and the inputs producing it — the

refresh cadence, and any ceiling, floor, smoothing or clamp applied to a channel or class of channels — be disclosed rather than sealed, the figure being published continuously already and what is sought being the disclosure of how it is produced; and

4. **Direct that all further papers in this action be served upon the movant by electronic mail at ozromeo338@gmail.com at the time of filing, in addition to service by mail;**

5. **~~Permit~~ the movant to respond, within seven days ~~of service~~, to any opposition to ~~Docket Entry 98~~ filed after this reply**, Local Civil Rules ~~7(o)(2)~~ and 7(o)(5) reserving ~~further~~ briefing to the Court; and DENY ANY LATE OPP TO REPLY.

6. Grant such other relief as is just.

I certify that this memorandum contains 2,092 words, in compliance with the Local Civil Rules.

Dated: 23 · 10 · 26 Respectfully submitted,

**/s/ Oscar Ernesto Romero**

OSCAR ERNESTO ROMERO Movant, In Propria Persona ozromeo338@gmail.com 4107 Villa Marena, Col. Puesta del Sol Playas de Rosarito, B.C. 22710, Mexico

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **ORDER ON MOVANT'S MOTION** |
| | ) | **FOR LIMITED INTERVENTION AND** |
| v. | ) | **MOTIONS FOR LEAVE TO FILE A** |
| | ) | **BRIEF AS AMICUS CURIAE** |
| AMAZON.COM, INC., a corporation, | ) | |
| | ) | The Honorable John H. Chun |
| Defendant. | ) | |
| | ) | *Filed by mail, pro se* |

# 02_PROPOSED_ORDER

THIS MATTER comes before the Court on the motion of Oscar Ernesto Romero, a non-party, for limited intervention under Federal Rule of Civil Procedure 24(b) to be heard on Defendant's Motion to Seal Commercially Sensitive Information (Dkt. 91), and on his motions for leave to file a brief as amicus curiae (Dkts. 95 and 96). The Court has considered the motions, Defendant's opposition to the motions for leave (Dkt. 106), the movant's reply noted for 30 October 2026, and the balance of the record.

IT IS HEREBY ORDERED:

1. **Limited intervention is GRANTED.** Oscar Ernesto Romero is permitted to intervene under Federal Rule of Civil Procedure 24(b) for the sole and limited purpose of being heard on the Motion to Seal at Docket Entry 91. He is not a party for any other purpose, takes the record as he finds it, and may not expand the issues before the Court.

2. **In the alternative, leave to file the brief as amicus curiae is GRANTED** under Local Civil Rule 7(o), and the brief tendered with Docket Entry 96 is deemed filed as of the date of this Order, Docket Entry 95 being its predecessor.

3. **In resolving Docket Entry 91, the Court distinguishes** between (a) the sales, cost, profit, market-share, campaign-level cost and performance, and auction-parameter categories for which Defendant has asserted compelling reasons, and (b) the operative concurrent-viewer figure displayed publicly on the Twitch Services and the

inputs that produce it, including the refresh cadence and any ceiling, floor, smoothing or clamp applied to a channel or class of channels.

4. **As to category (b), the motion to seal is DENIED on the present record**, there being no compelling reason, supported by specific factual findings, to seal the production of a figure that is published continuously to the public without charge or credential.

5. Nothing in this Order disturbs the Order at Docket Entry 105, and nothing in it requires the disclosure of any material within category (a).

6. The parties and the limited intervenor shall confer regarding the form of any redactions consistent with paragraphs 3 and 4 and shall file a joint status report within fourteen (14) days of this Order.

DATED this __ **day of** ____, 2026.

______________________________ JOHN H. CHUN United States District Judge

---

Presented by:

Oscar Ernesto Romero Movant, In Propria Persona ozromeo338@gmail.com 4107 Villa Marena, Col. Puesta del Sol Playas de Rosarito, B.C. 22710, Mexico

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| v. | ) | The Honorable John H. Chun |
| | ) | |
| AMAZON.COM, INC., a corporation, | ) | *Filed by mail, pro se* |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED LODGED RECEIVED MAIL

OCT 27 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

# 03_CERTIFICATE_OF_SERVICE

I, Oscar Ernesto Romero, movant in propria persona, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

**1.** On 23.10, 2026, I served true and correct copies of (a) Movant's Reply in Support of His Motion for Limited Intervention to Be Heard on the Motion to Seal at Docket Entry 91, and in Support of His Motion for Leave to File a Brief as Amicus Curiae, and (b) the proposed Order submitted therewith, **by electronic mail**, sent from ozromeo338@gmail.com, upon each of the persons named in paragraphs 4 through 7 below, at the electronic mail address stated for that person.

**2.** On the same date, the originals of the foregoing papers were deposited in the United States mail, postage prepaid, addressed to the Clerk of Court, United States District Court for the Western District of Washington at Seattle, 700 Stewart Street, Suite 2310, Seattle, Washington 98101.

**3.** I am not a registrant in this Court's electronic filing system and have filed no written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E). I serve by electronic mail upon counsel of record, each of whom is a registrant in this Court's electronic filing system.

**4. Counsel for Defendant Amazon.com, Inc. — Davis Wright Tremaine LLP**, 920 Fifth Avenue, Suite 3300, Seattle, Washington 98104-1610, each served by electronic mail:

John A. Goldmark, WSBA No. 40980, at johngoldmark@dwt.com; MaryAnn T. Almeida, WSBA No. 49086, at maryannalmeida@dwt.com; and Theo A. Lesczynski, WSBA No. 59780, at theolesczynski@dwt.com.

**5. Counsel for Defendant Amazon.com, Inc. — Dunn Isaacson Rhee LLP**, each served by electronic mail:

Karen L. Dunn, Jeannie S. Rhee and L. Rush Atkinson, 401 9th Street, N.W., Washington, D.C. 20004, at kdunn@dirllp.com, jrhee@dirllp.com and ratkinson@dirllp.com respectively; and Hannah Klain, 11 Park Place, New York, New York 10007, at hklain@dirllp.com.

**6. Counsel for Defendant Amazon.com, Inc. — Gibson, Dunn & Crutcher LLP**, each served by electronic mail:

Natalie J. Hausknecht, 1900 Lawrence Street, Suite 3000, Denver, Colorado 80202-2211, at nhausknecht@gibsondunn.com; Gustav W. Eyler, 1700 M Street, N.W., Washington, D.C. 20036, at geyler@gibsondunn.com; and William Savitt, 200 Park Avenue, New York, New York 10166-0193, at wsavitt@gibsondunn.com.

**7. Counsel for Plaintiff Federal Trade Commission**, each served by electronic mail at the address of record: Jonathan W. Platt at jplatt@ftc.gov; Ishan Shivakumar at ishivakumar@ftc.gov; and counsel of record at dlubetzky@ftc.gov, ahersh@ftc.gov, vjagadish@ftc.gov, jkornmehl@ftc.gov and blasky@ftc.gov.

**8. Counsel for the Plaintiff States**, each served by electronic mail at the address of record for the office of the Attorney General stated:

Washington — averill.aubrey@atg.wa.gov and ellie.page@atg.wa.gov. California — holly.mariella@doj.ca.gov, michael.elisofon@doj.ca.gov and nicklas.akers@doj.ca.gov. Rhode Island — acarnevale@riag.ri.gov. Iowa — daniel.barnes@ag.iowa.gov. Nebraska — benjamin.swanson@nebraska.gov. North Carolina — brabinovitz@ncdoj.gov and jramos@ncdoj.gov. Indiana — brady.quackenbush@atg.in.gov, jay.hong@atg.in.gov and scott.barnhart@atg.in.gov. Oklahoma — cameron.capps@oag.ok.gov and kristin.siegel@oag.ok.gov. Kentucky — christian.lewis@ky.gov, john.ghaelian@ky.gov, jonathan.farmer@ky.gov and philip.heleringer@ky.gov. New York — christopher.mccall@ag.ny.gov and jane.azia@ag.ny.gov. New Jersey — conor.vance@law.njoag.gov and zeyad.assaf@law.njoag.gov. Arizona — consumer@azag.gov, jesse.stewart@azag.gov and kiersten.schneider@azag.gov. Louisiana — coussanl@ag.louisiana.gov. Illinois — greg.grzeskiewicz@ilag.gov, jacob.gilbert@ilag.gov and wilton.person@ilag.gov. Alaska — ian.engelbeck@alaska.gov and mark.cucci@alaska.gov. Pennsylvania — jambrose@attorneygeneral.gov and mshirey@attorneygeneral.gov. Idaho — james.simeri@ag.idaho.gov and stephanie.guyon@ag.idaho.gov. South Carolina — jlibet@scag.gov and jordanmartin@scag.gov. Colorado — kate.field@coag.gov and lauren.dickey@coag.gov. Florida — lee.istrail@myfloridalegal.com, liz.brady@myfloridalegal.com and steven.orban@myfloridalegal.com. Maryland — pziperman@oag.maryland.gov. Vermont — sarah.jameson@vermont.gov.

**9. The computation of time for the Reply, stated so that nothing about it is left open.** Local Civil Rule 7(d)(3) allows a reply **"no later than 21 days after the filing date of the motion."** The Motion for Limited Intervention at Docket Entry 98 was **filed 5 October 2026** and **entered on the docket 8 October 2026**. **Twenty-one days from the entry date is 29 October 2026.** Twenty-one days from the filing date is 26 October 2026, and Federal Rule of Civil Procedure 6(d) adds three days where service upon a party is made by mail under Rule 5(b)(2)(C), as every service upon me in this action has been — **which is the same 29 October 2026.** These papers are served and mailed on the date written in paragraphs 1 and 2 above, **which is before 29 October 2026 on either computation.** The noting date of 30 October 2026 is not disturbed. **As of the date written in paragraph 1, no opposition to Docket Entry 98 appears on the docket**, Amazon's Response at Docket Entry 106 being addressed by its own caption, and by the Clerk's entry, to Docket Entries 96 and 95.

**10. The lodging of 9 October 2026, recited because the Reply refers to it.** On 9 October 2026 I sent the two proposed orders in Word format to the Chambers of the Honourable John H. Chun at the address the Local Rules provide, copying every counsel of record in this action. In that message I stated that the motion for leave to file a brief as amicus curiae is **complete on the docket at Docket Entry 95**, that **Docket Entry 96 is the same motion, entered a second time** from the service copy that accompanied the Notice of Lodging of its proposed order, that **Docket Entries 95 and 96 are one motion** and that its proposed order is at **Docket Entry 96-1**; and that the motion to intervene for the limited purpose of opposing the Motion to Seal, with the opposition to Docket Entry 91, is **Docket Entry 98** with its proposed order at **Docket Entry 98-1**. The message and its two

attachments are retained and will be produced on request or on order of the Court.

**11.** The foregoing is true and correct to the best of my knowledge.

Executed on 23·10, 2026, at ROSARITO.

**/s/ Oscar Ernesto Romero**

Oscar Ernesto Romero Movant, In Propria Persona ozromeo338@gmail.com 4107 Villa Marena, Col. Puesta del Sol Playas de Rosarito, B.C. 22710, Mexico

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **MOTION TO GRANT THE UNOPPOSED MOTION AT DOCKET ENTRY 98, AND FOR SERVICE BY ELECTRONIC MAIL** |
| v. | ) | |
| AMAZON.COM, INC., a corporation, | ) | |
| | ) | The Honorable John H. Chun |
| Defendant. | ) | |
| | ) | *Filed by mail, pro se* |

# 01_MOTION_FOR_RELIEF_FROM_A_DEADLINE

**NOTED FOR CONSIDERATION:** Local Civil Rule 7(d)(2), not earlier than fourteen days after filing. **The movant asks that this motion be decided together with Docket Entry 98 on its noting date of 30 October 2026 if the Court is willing to take them together**, both turning on the same record and the same silence.

FILED LODGED RECEIVED MAIL
OCT 27 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

## I. WHAT IS ASKED

The movant asks the Court to do three small things, each of which costs no party anything:

**1. GRANT the motion for limited intervention at Docket Entry 98.** The response period closed on **20 October 2026** and **nothing has been filed in opposition to it.** Local Civil Rule 7(b)(2).

**2. Direct that all further papers in this action be served upon the movant by electronic mail at ozromeo338@gmail.com at the time of filing**, in addition to service by mail, with the three days Federal Rule of Civil Procedure 6(d) adds preserved.

**3. Confirm that Docket Entry 106 is not an opposition to Docket Entry 98**, that being what its own caption and the Clerk's own entry state, and that Local Civil Rule 7(b)(2) falls to be applied to the record as it stands on the noting date.

**This motion asks the Court to decide, not to wait.** It is brought under Local Civil Rule 7(d)(2), and **the movant seeks no extension of any**

**period and no change to any date.** His reply in support of Docket Entry 98 is served with this motion, in time on either computation of Local Civil Rule 7(d)(3), and the noting date of 30 October 2026 stands.

## II. THE POSTURE, WITH DATES

| | |
|---|---|
| **5 October 2026** | The movant's Motion to Intervene for the Limited Purpose of Opposing Amazon's Motion to Seal, with his opposition to Docket Entry 91, is filed — **Docket Entry 98**; its proposed order at Docket Entry 98-1 |
| **8 October 2026** | Docket Entry 98 is entered on the docket, three days after filing |
| **9 October 2026** | The movant lodges the proposed orders in Word with chambers, copying every counsel of record, and states on the face of that message that Docket Entries 95 and 96 are one motion and that Docket Entry 98 is the motion to intervene |
| **19 October 2026** | Amazon files Docket Entry 106, which the Clerk's own entry describes as a **"RESPONSE … to [96] MOTION for Leave to File, [95] MOTION for Leave to File."** Its certificate of service is Docket Entry 108 |
| **20 October 2026** | Fifteen days after the filing of Docket Entry 98 — the date by which any response to it was to be filed and received under Local Civil Rule 7(d)(3). **Nothing addressed to Docket Entry 98 was filed** |

| | |
|---|---|
| **26 October 2026** | Twenty-one days after the filing of Docket Entry 98 — the date by which any reply in support of it would be filed under Local Civil Rule 7(d)(3) |
| **30 October 2026** | The noting date the Court set for Docket Entry 98 |

**The difficulty is on the face of that table.** Local Civil Rule 7(d)(3) keys both the response and the reply to **the filing date of the motion**, not to the service of an opposition. Where no opposition is served, the twenty-one days run out against a movant who has nothing to reply to. Where an opposition is served late, they run out before he has it.

## III. SERVICE UPON THE MOVANT HAS BEEN BY INTERNATIONAL MAIL ALONE

**Amazon's certificate at Docket Entry 108 states that Docket Entry 106 was served upon the movant by United States mail, to an address in Playas de Rosarito, Baja California, Mexico, on 19 October 2026.** No party in this action has ever served the movant electronically.

**The movant does not contend that mail service was improper.** He is not a registrant in this Court's electronic filing system and has filed no written consent under Federal Rule of Civil Procedure 5(b)(2)(E). Service by mail is service under Rule 5(b)(2)(C), and **Rule 6(d) accordingly adds three days to his time to act.**

**But three days is a number chosen for domestic post.** The address at which he is served is outside the United States. **The three days Rule 6(d) supplies do not reach international transit, and this docket already contains the measure of it**: the movant's own papers were deposited in the mail on **28 September 2026**, file-stamped **2 October 2026**, and entered on the docket **7 October 2026** — a matter Amazon itself states in footnote 1 of Docket Entry 106. **Nine days from deposit to docket, in the same corridor, on the same mail.**

**And the asymmetry is not one of anybody's fault — it is one of position.** Every party in this action is a registrant and is served at the instant of filing. The movant is served by post across an international border. **The result is that the period in which he may act is shorter than the period the Rules contemplate, by whatever the post takes.**

**The remedy he asks for is the one the Court has already been asked for in substance.** Counsel signing the certificate at Docket Entry 108 held the movant's electronic address at the time: he was copied at it on **26 September**, **8 October** and **19 October 2026**, the last being the day Docket Entry 106 was filed. **Counsel for the plaintiffs in the related Northern District of California proceeding already serve him by electronic mail. The direction is asked of the Court.**

## IV. THE MOVANT WAITED THE WHOLE PERIOD, AND NOTHING WAS FILED

**He did not move early.** The response period on Docket Entry 98 closed on **20 October 2026**. He has allowed it to close and has allowed six

further days to pass before bringing this motion. **In that time nothing has been filed in opposition to Docket Entry 98.**

**He states plainly what he does not say.** He does not say Amazon was obliged to oppose, and he does not say its silence was improper. Local Civil Rule 7(b)(2) provides that, except on a motion for summary judgment, **"if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."** This Court applies that rule. *Dowlad v. Progressive Casualty Insurance Co.*, No. 2:26-cv-01988-JHC, Docket Entry 35 at 4 (W.D. Wash. 23 September 2026); *Williams v. Langdon*, No. 2:25-cv-02360-JHC, Docket Entry 14 at 1 (W.D. Wash. 18 March 2026). **Whether to apply it is the Court's, on the record as it stands on the noting date, and the movant asks that the record be read as it is.**

**And he has replied.** Local Civil Rule 7(b)(3) provides that a moving party **"may"** file a reply within the time prescribed by Local Civil Rule 7(d), and **his reply in support of Docket Entry 98 is served with this motion.** It is in time on either computation of Local Civil Rule 7(d)(3): twenty-one days from the **8 October 2026** entry date reaches 29 October 2026, and twenty-one days from the **5 October 2026** filing date plus the three days Federal Rule of Civil Procedure 6(d) adds where service is by mail alone reaches the same 29 October 2026. **He asks for no additional day on either route.** The reply answers the points Amazon made at Docket Entry 106 because they go to the same appearance and the same question, **and it does so without treating that paper as an opposition to Docket Entry 98, which by its own caption and the Clerk's own entry it is not.**

**On the two motions for leave at Docket Entries 95 and 96, he leaves the matter to the Court.** Local Civil Rule 7(o)(2) provides that **"[t]here shall be no further briefing unless otherwise ordered by the court,"** and Local Civil Rule 7(o)(5) that an amicus curiae may file a reply **"only with the court's permission."** Those motions are fully briefed and the movant leaves them to the Court.

## V. THE RELATED PROCEEDINGS, AND WHY THE RECORD IN THIS ACTION IS ONE RECORD

**The movant states where the other proceedings stand, because this Court has not been told and because the records are the same records.**

| | |
|---|---|
| **This action** | *Federal Trade Commission and the Plaintiff States v. Amazon.com, Inc.*, **No. 2:26-cv-03097-JHC**, before this Court. The calibration of a computed number, and the data sold. Amazon's response to the complaint is set for **7 December 2026** |
| **Southern District of California** | ***Romero v. Amazon.com, Inc., Twitch Interactive, Inc., et al.*, No. 3:26-cv-02324-JO-JAC**, filed **13 April 2026** — the movant's own action, and the first filed. The published concurrent-viewer count, the undisclosed ceiling applied to it, and claims under 18 U.S.C. sections 1589, 1591 and 1595 and 18 U.S.C. section 1964(c). **No defendant has filed a responsive pleading in it** |

| | |
|---|---|
| **Northern District of California** | ***In re Twitch Generative AI Litigation*, No. 3:26-cv-08721-WHO**, three creator class actions consolidated before District Judge Orrick on 2 October 2026. The training corpus, and who is in the proposed class |

**One set of records answers all three.** In this Court the subject is how a computed number is calibrated and what was sold. In the Southern District it is how the published audience figure is computed and what a ceiling applied to it concealed. In the Northern District it is who was counted, because a class of persons whose presence was counted is defined by the records that counted them. **The register of ceilings and the difference between the screened and the published figure are the same documents in each.**

**And Amazon has told this Court about that overlap itself.** At Docket Entry 106 it states that the movant **"wants to brief his pending requests for records in his own case in the Southern District of California."** In the Northern District, three weeks earlier, it joined **"in full"** an opposition stating that **"the relief Mr. Romero seeks is already available to him"** there. **The movant does not plead those statements as concessions on any merits. He states them because they are this defendant's own account of where these records belong, given to two courts.**

**And one consequence of that overlap belongs on this record.** An action by the Commission does a different job from a private claim: the Federal

Trade Commission Act confers no private right of action, *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973), and the Commission's reach under section 13(b) was held not to extend to equitable monetary relief, *AMG Capital Management, LLC v. Federal Trade Commission*, 593 U.S. 67 (2021). **So a resolution here would leave the private claims in the Southern District where they stand**, and the records the movant asks the Court not to seal are the records those claims turn on. **The movant says nothing against the Commission, whose position on this seal he supports.**

**The movant sets the position out for one reason: so that when this Court decides the sealing question it knows what else turns on the same documents.** The relief he seeks is this Court's to give, upon this Court's own record, and it is stated at Part VII.

## VI. WHY THE MOTION AT DOCKET ENTRY 98 SHOULD BE GRANTED ON THE RECORD AS IT STANDS

**The movant asks for no additional words, no additional pages and no change to any date. Docket Entry 98 may be decided on 30 October 2026 on the record as it then stands, and the movant asks that it be decided — and granted.** The response period closed on 20 October 2026; nothing was filed against it; his reply is served; and the record on the noting date will be complete.

**What the service history supports is the direction going forward, and that alone.** Every party in this action is a registrant in this Court's electronic filing system and the movant is not, so every paper has reached him by post to an address outside the United States while every paper he

serves reaches them by electronic mail the same day. **That asymmetry is a matter of position rather than of anybody's fault, and the remedy for it is prospective: that further papers be served upon him by electronic mail at the time of filing, in addition to service by mail, with the three days Federal Rule of Civil Procedure 6(d) adds preserved.**

## VII. RELIEF REQUESTED

The movant respectfully requests that the Court:

**(1) GRANT the motion for limited intervention at Docket Entry 98**, the response period having closed on 20 October 2026 with nothing filed in opposition to it, Local Civil Rule 7(b)(2);

**(2) Direct that all further papers in this action be served upon the movant by electronic mail at ozromeo338@gmail.com at the time of filing**, in addition to service by mail under Federal Rule of Civil Procedure 5(b)(2)(C), with the three days of Rule 6(d) preserved;

**(3) Confirm that Docket Entry 106 is not an opposition to Docket Entry 98**, that being what its own caption and the Clerk's entry state, and that Local Civil Rule 7(b)(2) falls to be applied to the record as it stands on the noting date;

**(4) Decide this motion without oral argument**, Local Civil Rule 7(b)(4); and

**(5)** Grant such other relief as is just.

**Every date stated above is taken from this Court's own docket or from Amazon's own filings, and every item of relief is the Court's to grant.** No party's time is shortened and the noting date on Docket Entry 98 stands as the Court set it.

I certify that this motion contains 2,176 words, in compliance with the Local Civil Rules. Local Civil Rule 7(e)(2) allows 4,200 words to a motion noted under Local Civil Rule 7(d)(2).

Dated: 23·10·26 Respectfully submitted,

**/s/ Oscar Ernesto Romero**

OSCAR ERNESTO ROMERO Movant, In Propria Persona ozromeo338@gmail.com 4107 Villa Marena, Col. Puesta del Sol Playas de Rosarito, B.C. 22710, Mexico

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

FILED
LODGED
RECEIVED

OCT 27 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **DECLARATION OF OSCAR** |
| | ) | **ERNESTO ROMERO** |
| v. | ) | |
| | ) | The Honorable John H. Chun |
| AMAZON.COM, INC., a corporation, | ) | |
| | ) | *Filed by mail, pro se* |
| Defendant. | ) | |
| | ) | |

# 02_DECLARATION_OF_OSCAR_ERNESTO_ROMERO

I, Oscar Ernesto Romero, declare as follows.

**1.** I am the movant. I appear in propria persona. I make this declaration from my own knowledge, and as to the contents of documents, from the documents themselves.

**2.** I reside at 4107 Villa Marena, Col. Puesta del Sol, Playas de Rosarito, Baja California 22710, Mexico. **That address is outside the United States and every paper served upon me by post in this action crosses an international border to reach me.**

**3.** I am not a registrant in this Court's electronic filing system. I have filed no written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E).

**4. No party in this action has ever served a paper upon me by electronic mail.** The only service upon me has been by post.

**5.** My own papers in this action were deposited in the United States mail on **28 September 2026**. They were file-stamped by the Clerk on **2 October 2026** and entered on the docket on **7 October 2026**. I know the stamp and entry dates from the docket, and Amazon states them in footnote 1 of its filing at Docket Entry 106.

**6. The copy of Docket Entry 106 that Amazon's certificate at Docket Entry 108 states was posted to me on 19 October 2026 reached me on**

____________, **2026.** If that blank is struck through, it had not reached me when I signed this declaration.

**7. I was able to read Docket Entry 106 before the posted copy arrived only because I obtained it from the free public archive of the Free Law Project.** I did so in order to be able to act within the period the Rules allow. I pay for no subscription service and hold no account that would give me earlier access.

**8.** Counsel who signed the certificate of service at Docket Entry 108 held my electronic mail address at the time of signing. **I was copied at ozromeo338@gmail.com on 26 September 2026, on 8 October 2026 and on 19 October 2026**, the last being the day Docket Entry 106 was filed. Those messages are in my sent and received mail and I will produce them on request.

**9.** On **9 October 2026** I sent the proposed orders in Word format to the Chambers of the Honourable John H. Chun at the address the Local Rules provide, copying every counsel of record in this action. In that message I stated that Docket Entries 95 and 96 are one motion, and that the motion to intervene for the limited purpose of opposing the Motion to Seal is Docket Entry 98 with its proposed order at Docket Entry 98-1. **I say so here because I do not wish the Court to be given two different accounts of my own motions by me.**

**10.** As of the date I sign this declaration, **I am aware of nothing on the docket filed in opposition to Docket Entry 98.** Docket Entry 106 is

described in the Clerk's entry as a response to Docket Entries 96 and 95, and its own caption names those two motions.

**11.** Counsel for the plaintiffs in the related proceeding in the Northern District of California serve me by electronic mail at the time of filing. **I ask for nothing here that is not already being done to me in another court by other counsel.**

**12.** I am not asking that any party's time be extended, and I am not asking that the noting date on Docket Entry 98 be moved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 23 · 10, 2026, at ROSARITO.

**/s/ Oscar Ernesto Romero**

OSCAR ERNESTO ROMERO Movant, In Propria Persona

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **PROPOSED ORDER GRANTING THE UNOPPOSED MOTION AT DOCKET ENTRY 98 AND DIRECTING SERVICE BY ELECTRONIC MAIL** |
| v. | ) | |
| AMAZON.COM, INC., a corporation, | ) | |
| | ) | The Honorable John H. Chun |
| Defendant. | ) | |
| | ) | *Lodged with chambers in Word format, Local Civil Rule 7(b)(1)* |

# 03_PROPOSED_ORDER

Upon consideration of the Movant's Motion to Grant the Unopposed Motion at Docket Entry 98 and for Service by Electronic Mail, the Declaration of Oscar Ernesto Romero filed in support of it, and the movant's Reply in support of Docket Entry 98, and good cause appearing, **IT IS HEREBY ORDERED:**

**1. The motion at Docket Entry 98 is GRANTED.** The movant's Motion to Intervene for the Limited Purpose of Opposing Amazon's Motion to Seal, at Docket Entry 98, is **GRANTED**. The response period closed on **20 October 2026** and **no opposition to that motion was filed.** Local Civil Rule 7(b)(2) provides that such a failure may be considered as an admission that the motion has merit, and the movant's reply in support of the motion was served within the time Local Civil Rule 7(d)(3) allows on either computation of it.

**2. Service by electronic mail.** All further papers in this action shall be served upon the movant **by electronic mail at ozromeo338@gmail.com at the time of filing**, in addition to service by mail under Federal Rule of Civil Procedure 5(b)(2)(C). The three days added by Federal Rule of Civil Procedure 6(d) are preserved, the movant not having consented to electronic service under Rule 5(b)(2)(E).

**3. The record as to Docket Entry 98.** Docket Entry 106 is a response to the motions for leave at Docket Entries 96 and 95. **It is not an opposition to Docket Entry 98**, that being what its own caption and the Clerk's own entry state.

**4. The noting date is undisturbed.** Nothing in this Order moves the noting date on Docket Entry 98, extends the time of any party, or enlarges any page or word limit.

**5. Nothing further on the motions for leave.** Nothing in this Order authorises further briefing on the motions for leave to file a brief as amicus curiae at Docket Entries 95 and 96, which remain subject to Local Civil Rules 7(o)(2) and 7(o)(5).

**IT IS SO ORDERED.**

Dated: ____________

________________________ JOHN H. CHUN UNITED STATES DISTRICT JUDGE

OSCAR ERNESTO ROMERO
*Movant, In Propria Persona*
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, B.C. 22710, México
+52 1 646 601 7866 (WhatsApp)
ozromeo338@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | **No. 2:26-cv-03097-JHC** |
| | ) | |
| Plaintiffs, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| v. | ) | The Honorable John H. Chun |
| | ) | |
| AMAZON.COM, INC., a corporation, | ) | *Filed by mail, pro se* |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED LODGED RECEIVED MAIL
OCT 27 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

# 04_CERTIFICATE_OF_SERVICE

I, Oscar Ernesto Romero, movant in propria persona, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

**1.** On 23·10, 2026, I served true and correct copies of (a) Movant's Motion to Grant the Unopposed Motion for Limited Intervention at Docket Entry 98 and for Service by Electronic Mail, (b) the Declaration of Oscar Ernesto Romero in support of it, and (c) the proposed Order submitted therewith, **by electronic mail**, sent from ozromeo338@gmail.com, upon each of the persons named in paragraphs 4 through 7 below, at the electronic mail address stated for that person.

**2.** On the same date, the originals of the foregoing papers were deposited in the United States mail, postage prepaid, addressed to the Clerk of Court, United States District Court for the Western District of Washington at Seattle, 700 Stewart Street, Suite 2310, Seattle, Washington 98101.

**3.** I am not a registrant in this Court's electronic filing system and have filed no written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E). I serve by electronic mail upon counsel of record, each of whom is a registrant in this Court's electronic filing system.

**4. Counsel for Defendant Amazon.com, Inc. — Davis Wright Tremaine LLP**, 920 Fifth Avenue, Suite 3300, Seattle, Washington 98104-1610, each served by electronic mail:

John A. Goldmark, WSBA No. 40980, at johngoldmark@dwt.com; MaryAnn T. Almeida, WSBA No. 49086, at maryannalmeida@dwt.com; and Theo A. Lesczynski, WSBA No. 59780, at theolesczynski@dwt.com.

**5. Counsel for Defendant Amazon.com, Inc. — Dunn Isaacson Rhee LLP**, each served by electronic mail:

Karen L. Dunn, Jeannie S. Rhee and L. Rush Atkinson, 401 9th Street, N.W., Washington, D.C. 20004, at kdunn@dirllp.com, jrhee@dirllp.com and ratkinson@dirllp.com respectively; and Hannah Klain, 11 Park Place, New York, New York 10007, at hklain@dirllp.com.

**6. Counsel for Defendant Amazon.com, Inc. — Gibson, Dunn & Crutcher LLP**, each served by electronic mail:

Natalie J. Hausknecht, 1900 Lawrence Street, Suite 3000, Denver, Colorado 80202-2211, at nhausknecht@gibsondunn.com; Gustav W. Eyler, 1700 M Street, N.W., Washington, D.C. 20036, at geyler@gibsondunn.com; and William Savitt, 200 Park Avenue, New York, New York 10166-0193, at wsavitt@gibsondunn.com.

**7. Counsel for Plaintiff Federal Trade Commission**, each served by electronic mail at the address of record: Jonathan W. Platt at jplatt@ftc.gov; Ishan Shivakumar at ishivakumar@ftc.gov; and counsel of record at dlubetzky@ftc.gov, ahersh@ftc.gov, vjagadish@ftc.gov, jkornmehl@ftc.gov and blasky@ftc.gov.

**8. Counsel for the Plaintiff States**, each served by electronic mail at the address of record for the office of the Attorney General stated:

Washington — averill.aubrey@atg.wa.gov and ellie.page@atg.wa.gov. California — holly.mariella@doj.ca.gov, michael.elisofon@doj.ca.gov and nicklas.akers@doj.ca.gov. Rhode Island — acarnevale@riag.ri.gov. Iowa — daniel.barnes@ag.iowa.gov. Nebraska — benjamin.swanson@nebraska.gov. North Carolina — brabinovitz@ncdoj.gov and jramos@ncdoj.gov. Indiana — brady.quackenbush@atg.in.gov, jay.hong@atg.in.gov and scott.barnhart@atg.in.gov. Oklahoma — cameron.capps@oag.ok.gov and kristin.siegel@oag.ok.gov. Kentucky — christian.lewis@ky.gov, john.ghaelian@ky.gov, jonathan.farmer@ky.gov and philip.heleringer@ky.gov. New York — christopher.mccall@ag.ny.gov and jane.azia@ag.ny.gov. New Jersey — conor.vance@law.njoag.gov and zeyad.assaf@law.njoag.gov. Arizona — consumer@azag.gov, jesse.stewart@azag.gov and kiersten.schneider@azag.gov. Louisiana — coussanl@ag.louisiana.gov. Illinois — greg.grzeskiewicz@ilag.gov, jacob.gilbert@ilag.gov and wilton.person@ilag.gov. Alaska — ian.engelbeck@alaska.gov and mark.cucci@alaska.gov. Pennsylvania — jambrose@attorneygeneral.gov and mshirey@attorneygeneral.gov. Idaho — james.simeri@ag.idaho.gov and stephanie.guyon@ag.idaho.gov. South Carolina — jlibet@scag.gov and jordanmartin@scag.gov. Colorado — kate.field@coag.gov and lauren.dickey@coag.gov. Florida — lee.istrail@myfloridalegal.com, liz.brady@myfloridalegal.com and steven.orban@myfloridalegal.com. Maryland — pziperman@oag.maryland.gov. Vermont — sarah.jameson@vermont.gov.

**9.** The foregoing is true and correct to the best of my knowledge.

Executed on 23·10, 2026, at Rosarito.

**/s/ Oscar Ernesto Romero**

Oscar Ernesto Romero Movant, In Propria Persona ozromeo338@gmail.com 4107 Villa Marena, Col. Puesta del Sol Playas de Rosarito, B.C. 22710, Mexico

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 1151 8010 79

$7.240
US POSTAGE IMI
FIRST-CLASS
063S0001442157
FROM 90255

RETURN ADDRESS — FROM
Oscar Ernesto Romero
4107 Villa Marena, Col. Puesta del Sol
Playas de Rosarito, Baja California 22710
México

Clerk of Court, U.S. District Court, Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED
MAIL

OCT 27 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY